COUNTY OF DURHAM v. ELMORE L. ADDISON.

(Filed 12 June 1964.)

**1. Counties § 3.1; Municipal Corporations § 34—**

A zoning ordinance passed pursuant to an enabling statute is presumed valid, with the burden upon the property owner who asserts its invalidity to prove it.

**2. Same—**

The mere fact that a zoning ordinance adversely affects the value of particular property is insufficient to establish the invalidity of the ordinance.

**3. Same—**

Where a property owner begins construction of a dwelling in violation of a county zoning ordinance, notwithstanding the denial of a building permit by the zoning administrator, upheld by the Board of Adjustment, the county is entitled as a matter of law to enjoin further construction, the property owner having failed to pursue his remedy by *certiorari* to present the defenses of discrimination and confiscation. G.S. 153-266.17.

APPEAL by defendant from *Hall, J.,* September 1963 Civil Session of DURHAM.

This action was instituted July 30, 1962, to enjoin defendant from constructing a house in violation of provisions of Durham County's comprehensive zoning ordinance.

An order signed August 6, 1962, restrained defendant until the final hearing. Defendant answered. An order, allowing in part plaintiff's

motion to strike portions of the answer, was entered. Plaintiff's motion for judgment on the pleadings was denied. At trial, evidence was offered by plaintiff and by defendant.

One issue was submitted, *viz.*: "Has the defendant violated the zoning ordinances of Durham County as alleged in the complaint?" The jury, under peremptory instruction, answered, "Yes." Thereupon, judgment was entered enjoining defendant permanently in accordance with the prayer of the complaint. Defendant excepted and appealed.

*Robert D. Holleman for plaintiff appellee.*
*H. F. Seawell, Jr., for defendant appellant.*

BOBBITT, J. Under Durham County's zoning ordinance, effective January 16, 1956, the county is divided into "eighteen (18) classes of districts," one being "Village Residence District." Defendant's property, described below, is in a "Village Residence District."

In 1954, defendant purchased "one big lot," "a narrow strip of land," fronting 409 feet on the *northwest* (referred to for convenience as *north*) side of East Geer Street (Old Oxford Highway) and extending north between approximately parallel lines to the right of way of a railroad. The depth on the west side was approximately 75 feet and on the east side approximately 30 feet. Defendant's said property is in Oak Grove Township, Durham County.

In 1955, defendant constructed on said property a combination filling station, store and dwelling. It was defendant's declared intention, "when he could build it," to construct a dwelling on the portion of his property described below.

The lot directly involved, referred to as the subject lot, fronts 60 feet on the north side of East Geer Street. It is the west portion of defendant's property. According to the map designated defendant's Exhibit 1, the subject lot extends north between approximately parallel lines 75.25 feet on the west side and 61.12 feet on the east side to the railroad right of way. It contains approximately 4,000 square feet. The west portion of defendant's store building is 15 feet east of what would be the east wall of the proposed dwelling.

In 1960, defendant applied to the Zoning Administrator for a permit to construct a brick-veneer dwelling on the subject lot. According to defendant's Exhibit 8, the dimensions of the proposed dwelling would be 38 feet (approximately parallel with East Geer Street) by 28 feet. Plaintiff's application was denied. The record indicates the Board of Adjustment (in June or July, 1960) upheld the Administrator's decision. Later, plaintiff renewed his application. Upon denial

thereof, defendant appealed to the Board of Adjustment. The Board of Adjustment, at a meeting on March 26, 1962, considered defendant's appeal and his application for a variance permit. It upheld the Administrator's decision and denied defendant's application for a variance permit. Defendant did not apply for *certiorari* to review said decision of the Board of Adjustment.

On July 24, 1962, defendant notified the Administrator that he "was going to build the house on the said lot despite the ruling" of the Board of Adjustment. On or about July 25, 1962, plaintiff commenced construction thereof. Upon defendant's refusal to desist, plaintiff, on July 30, 1962, instituted this action.

There was evidence tending to show that defendant, in connection with said 1955 improvements, dug a well and installed a septic tank; that the water and sewerage systems then installed (if and when connected) were sufficient to take care of another house; and that in the years 1958-1961 defendant *was permitted* to have a trailer on a part of what is now the subject lot and to connect utilities thereto. However, defendant testified: "The actual starting of the foundation to the present house was in July 1962."

Durham County's comprehensive zoning ordinance was adopted pursuant to statutory authority. Session Laws of 1949, Chapter 1043; Session Laws of 1959, Chapter 1006, now codified (1963 Cumulative Supplement) as G.S. Chapter 153, Article 20B, Section 153-266.10 *et seq.*

"The presumption is that the zoning ordinance as a whole is a proper exercise of the police power, . . ." *Kinney v. Sutton*, 230 N.C. 404, 411, 53 S.E. 2d 306, and cases cited. The burden to show otherwise rests upon a property owner who asserts its invalidity. *Raleigh v. Morand*, 247 N.C. 363, 368, 100 S.E. 2d 870.

"The mere fact that a zoning ordinance seriously depreciates the value of complainant's property is not enough, standing alone, to establish its invalidity." *Helms v. Charlotte*, 255 N.C. 647, 651, 122 S.E. 2d 817; *Kinney v. Sutton, supra.* Here, the subject lot is only a portion of defendant's property; and it does not appear that defendant's property, considered as a whole, has been adversely affected by the zoning ordinance.

The zoning ordinance, in respect of "REQUIRED LOT AREA" in a "Village Residence District," provides: "Each dwelling together with its accessory buildings, hereafter erected shall be located on a lot having an area of not less than 15,000 square feet and an average width of not less than 75 feet, except that a dwelling may be erected on a lot or plot having less than the foregoing minimum area and width, provided the same existed under one ownership by virtue of a recorded

plat or deed at the time of the passage of this ordinance." The area of the subject lot is less than 15,000 square feet and its average width is less than 75 feet. When the ordinance was adopted, the subject lot was not owned (and is not owned) as an individual lot but as the western portion of the property on which defendant constructed his filling station, store and dwelling.

The zoning ordinance, in respect of "COMPLETIONS AND RESTORATIONS OF EXISTING BUILDINGS," provides: "Nothing herein contained shall require any change in the plans, construction or designated use of a building under construction at the time of the passage of this ordinance and the construction of which shall have been diligently prosecuted within a year of the said effective date and the ground story framework of which, including the second tier of beams shall be completed within such year, and which entire building shall have been completed within two years from the date of the passage of this ordinance." Defendant started the foundation for the proposed dwelling on the subject lot some six and a half years after passage of the ordinance.

It is unnecessary to consider ordinance requirements in respect of front, side and rear yards.

The zoning ordinance, in respect of "PERMITS," in pertinent part, provides: "No . . . building or part thereof shall be built, . . . until application has been made and the proper permit has been obtained from the Zoning Administrator, in accordance with the provisions of this Ordinance, and upon plans approved by him."

The legislative authority having determined the ordinance provisions are "in the interest of the public health, safety, morals, or general welfare," *In re Appeal of Parker*, 214 N.C. 51, 55, 197 S.E. 706, the defenses available to defendant are that enforcement as to him would be confiscatory or that the ordinance arbitrarily discriminates against him. As to these matters, there is no evidence upon which to base a finding in defendant's favor.

Moreover, with reference to the adverse decision by the Board of Adjustment, the applicable statutes provide: "Every decision of such board shall be subject to review by the superior court by proceedings in the nature of *certiorari*." G.S. 153-266.17; Session Laws of 1949, Chapter 1043, Section 8. The decision of the Board of Adjustment is not subject to collateral attack. As stated by Adams, J., in *S. v. Roberson*, 198 N.C. 70, 72, 150 S.E. 674: "When . . . the building inspector's decision was affirmed by the board of adjustment the defendant should have sought a remedy by proceedings in the nature of *certiorari* for the purpose of having the validity of the ordinances finally determined

in the Superior Court, and if necessary by appeal to the Supreme Court. This he failed to do and left effective the adjudication of the board of adjustment." The decisions of the Board of Adjustment are final, subject to the right of courts on *certiorari* "to review errors in law and to give relief against its orders which are arbitrary, oppressive or attended with manifest abuse of authority." *In re Pine Hill Cemeteries, Inc.,* 219 N.C. 735, 738, 15 S.E. 2d 1; *Chambers v. Board of Adjustment,* 250 N.C. 194, 199, 108 S.E. 2d 211; *In re Appeal of Hasting,* 252 N.C. 327, 329, 113 S.E. 2d 433; *Jarrell v. Board of Adjustment,* 258 N.C. 476, 479, 128 S.E. 2d 879. The cited cases refer to an identical provision (G.S. 160-178) in the enabling act applicable to "cities and incorporated towns."

The relevant enabling acts provide for enforcement of the provisions of a zoning ordinance by injunction. Session Laws of 1949, Chapter 1043, Section 9; G.S. 153-266.18.

Since all the evidence tends to show the construction by defendant of the proposed dwelling on the subject lot would constitute a violation of Durham County's zoning ordinance, plaintiff was entitled to a peremptory instruction. McIntosh, North Carolina Practice and Procedure, § 574.

Defendant's assignments of error have been considered and are overruled.

No error.