CITY OF HICKORY v. CATAWBA VALLEY MACHINERY COMPANY

No. 7725DC1036

(Filed 19 December 1978)

Municipal Corporations § 31— violation of zoning ordinance—action to enjoin—collateral attack on proceeding before Board of Adjustment improper

In an action by plaintiff city to require defendant to remove a canopy which allegedly violated plaintiff's zoning ordinance, defendant could not attack the proceedings before the city administrative boards since defendant had failed to seek judicial review of the actions of the Board of Adjustment by way of petition for writ of certiorari to the superior court as provided by law, and an attack of the proceedings as a defense to the city's action for injunctive relief would constitute an impermissible collateral attack.

APPEAL by defendant from *Edens, Judge*. Judgment entered 17 May 1977 in District Court, CATAWBA County. Reheard in the Court of Appeals 28 November 1978.

This case was first heard in this Court on 21 September 1978. The opinion dismissing the appeal was filed 17 October 1978. A petition to rehear was filed 21 November 1978. An order for rehearing was entered 21 November 1978.

The problem upon the first hearing of this case was that the record on appeal disclosed failures of appellant to follow the Rules of Appellate Procedure. From the exhibits filed with the petition to rehear it is established that appellant did indeed follow the Rules of Appellate Procedure with respect to service and filing of the record on appeal but failed to include the extension orders in the record on appeal so that the hearing panel of this Court could see that its various actions were timely taken under the extension orders.

We go now to the merits of the appeal.

*Tate, Young & Morphis, by E. Murray Tate, Jr., for the plaintiff.*

*Rudisill & Brackett, by J. Steven Brackett, for the defendant.*

BROCK, Chief Judge.

The City of Hickory instituted this action to require defendant to remove a canopy which allegedly violated the City's zoning ordinance. Prior to trial the parties stipulated: That defendant's property is zoned "general business"; that such zoning prohibits extensions of canopies or other structures into the "front yard", the space between the main building and the street or highway; that when the zoning ordinance was adopted in January 1967 defendant already had a canopy which constituted a permissible non-conforming use; that sometime prior to October 1973, defendant removed the canopy and within 360 days replaced it with a larger canopy; that defendant did not secure a building permit before constructing the new canopy; and that on 25 October 1973 defendant was notified by the City that defendant's canopy was in violation of the zoning ordinance.

At the conclusion of the hearing the trial judge determined that defendant's construction of the new canopy was in violation of the zoning ordinance and defendant was ordered to remove the canopy. Defendant appealed.

Most of the defendant's argument on this appeal can be disposed of by pointing out that it failed to seek judicial review of the actions of the Board of Adjustment by way of petition for writ of certiorari to the superior court as is provided by law. It may not, in the city's action for injunctive relief, attack the proceedings before the city administrative boards. Such constitutes an impermissible collateral attack. Defendant failed to exercise the remedies available to it under the zoning ordinance and may not as a defense to the city's action for injunctive relief collaterally complain that the city denied it due process of law. It seems that defendant chose to ignore the city's actions and undertook by inaction to continue the use of its canopy in violation of the zoning ordinance. Defendant does not contend that its canopy does not violate the zoning ordinance. It undertakes to argue in this lawsuit that the court should not grant relief to the city because the city would not allow its canopy to remain as a permissible non-conforming use.

Defendant argues that the trial court should have granted its motion for dismissal at the close of the city's evidence, that the court should not have found that its new canopy was in fact larger than the original one, and that the court should not have found that the new canopy was violative of the zoning ordinance. In these arguments defendant seems to contend that the underlying error was that the court conducted a trial *de novo* rather than limiting itself to a review of the administrative record. There is no merit in this contention. The administrative record was not before the court for review in this action. If defendant desired a judicial review of the administrative record it should have sought it by petition for writ of certiorari as by law provided. In this action by the city under G.S. 160A-389 for injunctive relief the proper function of the court was to determine whether a violation of the ordinance existed warranting injunctive relief.

Defendant's argument that the trial court failed to make findings of fact and conclusions of law is clearly not supported by the record and merits no discussion.

Defendant argues that the trial court was in error in finding that defendant was not denied its due process right to be heard before the various administrative officials and boards. We consider this finding by the trial court to be surplusage because the

question was not properly before it. A quotation from *Durham County v. Addison*, 262 N.C. 280, 283, 136 S.E. 2d 600, 603 (1964) will serve to dispose of this argument:

> "The decision of the Board of Adjustment is not subject to collateral attack. As stated by Adams, J., in *S. v. Roberson*, 198 N.C. 70, 72, 150 S.E. 674: 'When . . . the building inspector's decision was affirmed by the board of adjustment the defendant should have sought a remedy by proceedings in the nature of *certiorari* for the purpose of having the validity of the ordinances finally determined in the Superior Court, and if necessary by appeal to the Supreme Court. This he failed to do and left effective the adjudication of the board of adjustment.' The decisions of the Board of Adjustment are final, subject to the right of courts on *certiorari* 'to review errors in law *and to give relief against its orders which are arbitrary, oppressive, or attended with manifest abuse of authority.*' " (Emphasis added.)

In this case the trial judge was very lenient with defendant. The trial judge stayed the effectiveness of his injunctive order specifically to give defendant an opportunity to seek relief through proper channels, the administrative officials and boards. The record before us does not disclose the results of any efforts by defendant, or if it made any effort.

In any event, defendant has been afforded its rights under the ordinance and statutes. From the record before us it simply has failed to exercise them.

Affirmed.

Judges CLARK and MARTIN (Harry C.) concur.