CITY OF ELIZABETH CITY, A NORTH CAROLINA MUNICIPAL CORPORATION, PLAINTIFF v. LFM ENTERPRISES, INC., A NORTH CAROLINA CORPORATION; NORTHEASTERN MOTORS, INC., A NORTH CAROLINA CORPORATION; AND LUCIEN F. MORRISETTE, INDIVIDUALLY AND AS STOCKHOLDER, OFFICER AND DIRECTOR OF LFM ENTERPRISES, INC., AND NORTHEASTERN MOTORS, INC., DEFENDANTS

No. 801DC136

(Filed 19 August 1980)

1. **Rules of Civil Procedure § 56.1– summary judgment before answer filed**
   Summary judgment was properly entered for plaintiff approximately

City of Elizabeth City v. Enterprises, Inc.

six months after plaintiff commenced its action, although defendants had not yet filed their answer, where plaintiff's papers made out a *prima facie* case in support of its motion, and defendants did nothing to rebut plaintiff's facts, since defendants could have come forward with evidence in opposition to the motion even though they had filed no answer.

2. **Municipal Corporations §§ 30.3, 31– zoning ordinance – action for injunction – attack on ordinance – failure to exercise available remedies**

Where defendants failed to exercise the remedies available to them under a zoning ordinance by seeking judicial review of a denial of their request for a variance from the planting strip provision of the ordinance, they could not collaterally attack the validity of the planting strip provision in plaintiff city's action for an injunction requiring them to comply with the ordinance.

APPEAL by defendants from *Chaffin, Judge.* Judgment and orders entered 14 November 1979 in District Court, PASQUOTANK County. Heard in the Court of Appeals 10 June 1980.

On 2 May 1979 the plaintiff City filed a complaint against defendants LFM, Northeastern and Morrisette seeking a mandatory injunction to enforce compliance with various city ordinances. In its complaint, as its first cause of action, the City alleged: LFM is the fee simple owner of a parcel of land bounded on the west by Highway 17, which lies entirely within the City's extraterritorial planning and zoning boundaries. Northeastern is the lessee of said property, and Morrisette is the principal stockholder, director and president of both defendant corporations. On 11 July 1977 the City adopted Article X of its Land Use Zoning Ordinance pursuant to Article 19 of Chapter 160A of the General Statutes. Section 2.21 of this Article provides that where commercial uses or districts abut or are adjacent to residential, institutional or apartment use, a ten-foot wide planting strip or screen, consisting of closely planted hedge, shrubs, trees and other vegetation shall be provided along the entire property line abutting said residential, institutional or apartment use. Section 2.24 provides that within any district, except the C-4 District, all new development on lots that front on Highway 17 shall provide a twenty-five foot wide planting strip along the inside of the property line abutting the major street.

On 13 June 1977 and 8 May 1978 defendants sought and obtained approval for the rezoning of the subject property from

a residential classification to a commercial C-3 classification. On 21 July 1978 LFM sought and obtained from the City a permit to build a metal building on the property, the zoning classification being shown on the permit as commercial C-3. Defendants later applied to the City Board of Adjustment requesting a variance from the requirements of the ordinance, to allow them to install a ten-foot planting strip rather than the twenty-five foot strip required by the ordinance. The request was denied on 17 January 1979. Defendants were given sixty days to comply with the planting strip ordinance. The City sought a mandatory injunction to enforce the planting strip ordinance.

In its second cause of action, the City alleged that defendants had willfully and wrongfully occupied the building without permitting final inspection by the City's Building Inspector and without obtaining from him a certificate of compliance, in violation of G.S. 160A-423. The City sought an injunction and order of abatement from the enforcement of this statute.

On 4 June 1979 defendants obtained an extension of time through 2 July 1979 to file answer or other responsive pleadings. Defendants, on 27 June 1979, filed a motion to dismiss pursuant to G.S. 1A-1, Rule 12(b)(1) through (7), a motion for judgment on the pleadings under Rule 12(c), and a motion for summary judgment under Rule 56. On 26 September 1979 the City filed a request for calendaring the action on the civil action motion calendar with the Clerk of Superior Court. The City, on 4 October 1979, filed a motion for summary judgment. On 26 October 1979 the defendants filed a motion to continue the hearing on the motion for summary judgment calendared by the City. In their motion, defendants asserted that plaintiff's motion for summary judgment was premature and requested that they be allowed the statutory period in which to file answer in the event their motion to dismiss was denied.

On 29 October 1979 the District Court heard the various motions and entered orders dismissing the complaint against Morrisette with the consent of the parties, denying the motion to dismiss as to the remaining defendants, denying the defendants' motion to continue the hearing on the City's motion for

City of Elizabeth City v. Enterprises, Inc.

summary judgment, and granting the City's motion for summary judgment on both causes of action. All of these orders were entered 14 November 1979. Defendants LFM and Northeastern appeal.

*Wilson & Ellis, by J. Kenyon Wilson, Jr., M.H. Hood Ellis and David W. Boone, for the plaintiff appellee.*

*Twiford, Trimpi & Thompson, by John G. Trimpi for the defendant appellants.*

WELLS, Judge.

To reach the heart of the matter before us, we recapitulate the events in the proceedings below:

1.  4 May 1979 — Plaintiff served its verified complaint on defendants.

2.  4 June 1979 — defendants obtained an extension of time to file answer or other responsive pleadings until 2 July 1979.

3.  27 June 1979 — defendants filed motions to dismiss, for judgment on the pleadings and summary judgment.

4.  26 September 1979 — plaintiff filed a request that the cause be calendared on the civil action motion calendar.

5.  4 October 1979 — plaintiff moved for summary judgment.

6.  24 October 1979 — defendants moved to continue the hearing on plaintiff's motion for summary judgment.

7.  29 October 1979 — defendants' motion to dismiss and plaintiff's motion for summary judgment came on for hearing. Defendants' motion was denied; plaintiff's motion was granted.

City of Elizabeth City v. Enterprises, Inc.

[1] Defendants, citing *Village, Inc. v. Financial Corp.*, 27 N.C. App. 403, 219 S.E. 2d 242 (1975), *disc. rev. denied*, 289 N.C. 302, 222 S.E. 2d 695 (1976), argue that they were entitled to twenty days after the denial of their motion to dismiss in which to answer, and therefore the hearing and granting of plaintiff's motion for summary judgment was premature. We believe the case before us is controlled by *Real Estate Trust v. Debnam*, 299 N.C. 510, 263 S.E. 2d 595 (1980). In the *Debnam* case, defendant moved to dismiss, did not answer, and filed no papers rebutting plaintiff's papers in support of its motion for summary judgment. The Court stated, 299 N.C. at 513, 263 S.E. 2d at 598:

> G.S. 1A-1, Rule 56(a) provides that a party may move for summary judgment "at any time after the expiration of 30 days *from the commencement of the action.*" [Court's emphasis.] As the Court of Appeals held, even if defendants had filed their answer, they cannot rest on that responsive pleading when the party moving for summary judgment has *prima facie* established that he is entitled to it. The party opposing the motion must come forward with additional evidence in opposition to the motion. Defendants could have come forward with this evidence, *e.g.*, in the form of affidavits, even though they had filed no answer. Summary judgment was correctly entered for the plaintiff and we affirm the Court of Appeals on this issue.

Plaintiff's papers in this case made out a *prima facie* case in support of its motion. Defendants obviously had knowledge of the facts and circumstances underlying the dispute and after almost a six-month interval did nothing to rebut plaintiff's facts. We hold that under these circumstances, defendants were not entitled to delay consideration of the summary judgment motion until they filed an answer and that summary judgment was not entered prematurely.

[2] In a separate assignment of error, defendants attempt to call into question the validity of that portion of plaintiff's zoning ordinance requiring a twenty-five foot planting strip. Plaintiff's complaint shows that in a previous proceeding before the Elizabeth City Board of Adjustment, defendants sought to obtain a variance from this portion of the ordinance so as to

allow them to install a ten foot strip instead. This request was denied, and defendants apparently did not seek judicial review of the action of the Board of Adjustment by way of certiorari as provided by G.S. 160A-388(e). Defendants failed to exercise the remedies available to them under the zoning ordinance and may not as a defense to the plaintiff's action for injunctive relief collaterally attack the validity of the ordinance. *See, Durham County v. Addison,* 262 N.C. 280, 136 S.E. 2d 600 (1964); *City of Hickory v. Machinery Co.,* 39 N.C. App. 236, 249 S.E. 2d 851 (1978). All of defendants assignments of error are overruled and the judgment of the trial court is

Affirmed.

Chief Judge Morris and Judge Vaughn concur.