NEW HANOVER COUNTY v. GRAHAM B. PLEASANT AND WIFE, GLENDA B. PLEASANT

No. 815SC1231

(Filed 7 December 1982)

1. Counties § 5; Municipal Corporations § 30.15— violation of county zoning ordinance—authority to grant injunction and order of abatement

The trial court had authority under G.S. 153A-324 and G.S. 153A-123 to grant injunctive relief and an order of abatement for violations of a county zoning ordinance although the ordinance itself did not provide specifically for such relief.

2. Counties § 5; Municipal Corporations § 31— violation of zoning ordinance—failure to appeal decision of board of adjustment

Where defendants failed to appeal a decision by a county board of adjustment that defendants were violating a county zoning ordinance and that the county was not estopped to assert defendants' violation, they could not thereafter raise such issues by a collateral attack on the decision of the board of adjustment.

APPEAL by defendants from *Strickland, Judge*. Order entered 22 July 1981 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 3 September 1982.

Defendants own a tract of land in New Hanover County, North Carolina, purchased by them in March 1980 for $3,000 with the understanding from prior owners that the land was not zoned. In April 1980, defendants applied to the New Hanover County Health Department for a permit to construct and install a private well. This application, which stated defendants' property was not zoned, was approved approximately 3 May 1980. Also in May 1980, defendants applied for a building permit to construct a building on their property. The New Hanover County Building Inspector subsequently advised defendants that their property was located in an R-15 residential zone and that defendants were, therefore, precluded from building a structure for commercial storage and distribution because that use was not allowed in an R-15 zone. Despite the Building Inspector's refusal to issue a building permit, defendants proceeded with construction of the building on their property. In September 1980, the Building Inspector notified defendants in writing that they were violating the zoning ordinance, informed them of their right to appeal his decision, and instructed them to desist operations immediately.

Defendants appealed the Building Inspector's decision to the New Hanover County Zoning Board of Adjustment. After hearing on 12 August 1980, the Board concluded and informed defendants that they were in fact violating the zoning ordinance, that the Building Inspector's decision was correct, and that they had thirty days in which to appeal the Board's decision to the New Hanover County Superior Court. Defendants did not appeal the Board of Adjustment's decision. On 6 January 1981, New Hanover County filed suit against defendants alleging that they were violating the county zoning ordinance by operating a business in a residentially zoned area and requested that the court grant an injunction enjoining future business operation and issue an order of abatement requiring defendants to remove certain structures from their property. Defendants filed answer on 2 March 1981, alleging first, that they had been assured by certain county officials that their intended use of the land and construction of the building in question would not violate the county zoning ordinance, and second, that the court had no authority to grant injunctive relief or an order of abatement as plaintiff requested because the county zoning ordinance did not provide specifically for such relief. Plaintiff filed a motion for summary judgment and defendants gave notice of hearing on their motion to dismiss, previously set forth in their answer. Judge Strickland heard plaintiff's and defendants' motions and entered an order denying defendants' motion to dismiss and granting plaintiff's summary judgment motion. Defendants appealed.

*Murchison, Fox and Newton, by Fred B. Davenport, Jr., and Louis K. Newton, for plaintiff appellee.*

*Martin, Wessell and Queens, by John C. Wessell, III, for defendant appellants.*

MORRIS, Chief Judge.

[1] By their first assignment of error defendants urge that the court erred in denying their motion to dismiss pursuant to Rule 12(b) of the North Carolina Rules of Civil Procedure, for failure to state a claim upon which relief could be granted. We disagree with defendants because injunctive relief and an order of abatement are available relief, in accord with plaintiff's complaint.

Article 18 of Chapter 153A authorizes counties to plan and regulate development which includes the power to enact ordinances zoning land. Enforcement of zoning ordinances enacted pursuant to this Article is governed by G.S. 153A-324 which provides that:

> In addition to the enforcement provisions of this Article (Article 18, Planning and Regulation of Development, Part 3 of which governs zoning) and subject to the provisions of the ordinance, any ordinance adopted pursuant to this Article . . . . may be enforced by any remedy provided by G.S. 153A-123.

G.S. 153A-123 is located in Article 6 of Chapter 153A and deals with enforcement of ordinances enacted pursuant to counties' general ordinance-making power. This statute provides in pertinent part:

> § 153A-123. *Enforcement of ordinances.* — (a) A county may provide for fines and penalties for violation of its ordinances and may secure injunctions and abatement orders to further insure compliance with its ordinances, as provided by this section.
>
> . . .
>
> (d) An ordinance may provide that it may be enforced by an appropriate equitable remedy issuing from a court of competent jurisdiction. In such a case, the General Court of Justice has jurisdiction to issue any order that may be appropriate, and it is not a defense to the county's application for equitable relief that there is an adequate remedy at law.
>
> (e) An ordinance that makes unlawful a condition existing upon or use made of real property may provide that it may be enforced by injunction and order of abatement, and the General Court of Justice has jurisdiction to issue such an order. When a violation of such an ordinance occurs, the county may apply to the appropriate division of the General Court of Justice for a mandatory or prohibitory injunction and order of abatement commanding the defendant to correct the unlawful condition upon or cease the unlawful use of the property. The action shall be governed in all respects by the

laws and rules governing civil proceedings, including the Rules of Civil Procedure in general and Rule 65 in particular.

In addition to an injunction, the court may enter an order of abatement as a part of the judgment in the cause. An order of abatement may direct that buildings or other structures on the property be closed, demolished, or removed; that fixtures, furniture, or other movable property be removed from buildings on the property; that grass and weeds be cut; that improvements or repairs be made; or that any other action be taken that is necessary to bring the property into compliance with the ordinance. . . .

(f) Subject to the express terms of the ordinance, a county ordinance may be enforced by any one or more of the remedies authorized by this section.

Plaintiff contends that G.S. 153A-324 makes any remedy of G.S. 153A-123 available for enforcing ordinances regulating development, including zoning ordinances. It is unnecessary for a zoning ordinance itself to contain any specific provision for equitable enforcement because G.S. 153A-324 allows any remedy under G.S. 153A-123 to be used at the county's election as a matter of right and without qualification, unless the county's zoning ordinance provides otherwise. The New Hanover County zoning ordinance contains no such contrary language but states specifically that the county's power to remedy a zoning violation is as broad as the law allows. Before it was amended 2 February 1981, Section 132 of the New Hanover County zoning ordinance read as follows:

Section 132 *Penalties for Violation*

Violation of the provisions of this Ordinance of failure to comply with any of its requirements (including violations of conditions and safeguards established in connection with grants or variances) shall constitute a misdemeanor. Any person who violates this ordinance or fails to comply with any of its requirements shall upon conviction thereof be fined not more than fifty (50) dollars or imprisoned for no more than thirty (30) days, or both, and in addition shall pay all costs and expenses involved in the case. Each day such violation continues shall be considered a separate offense.

New Hanover County v. Pleasant

The owner or tenant of any building, structure, premises, or part thereof, and any architect, builder, contractor, agent, or other person who commits, participates in, or maintains such violation may each be found guilty of a separate offense and suffer the penalties herein provided.

Nothing herein contained shall prevent the County of New Hanover from taking such other lawful action as is necessary to prevent or remedy any violation.

The language of this ordinance, authorizing the county to take any lawful action needed to prevent or remedy a violation, is broad enough to encompass G.S. 153A-324 and the equitable remedies of G.S. 153A-123, incorporated by reference. Because an injunction and an order of abatement are appropriate relief as requested by plaintiff, defendants' assignment of error is overruled.

[2] Defendants contend in their second assignment of error that the trial court erred in granting plaintiff's summary judgment motion pursuant to Rule 56 of the North Carolina Rules of Civil Procedure. Defendants argue that disputed facts exist as to whether they received sufficient assurances from county officials to raise the defense of estoppel and that plaintiff presented no evidence that the zoning ordinance was violated after the Board's decision.

Defendants' right to appeal is derived from G.S. 153A-345(e) which states in part:

Each decision of the board [of adjustment] is subject to review by the Superior Court by proceedings in the nature of certiorari.

This right to appeal and obtain review by the superior court is limited by Section 132 of the New Hanover County zoning ordinance which follows:

An appeal from the decision of the zoning board of adjustment may be made to the New Hanover County Superior Court within thirty (30) days after the decision is made by the board, but not thereafter.

Although defendants were fully advised of their appellate rights, they failed to appeal the Board's decision that defendants were violating the zoning ordinance and that New Hanover Coun-

ty was not estopped in establishing defendants' violation. To allow a collateral attack on this unappealed Board decision would make the decision meaningless.

The facts of this case are similar to the facts in *Durham County v. Addison*, 262 N.C. 280, 136 S.E. 2d 600 (1964), where defendant applied for a building permit from the zoning administrator, was denied a permit and then appealed the zoning administrator's decision to the Board of Adjustment. Although the Board upheld the administrator's decision and denied defendant's request for a variance, defendant began constructing the building in violation of the county zoning ordinance. When defendant refused to stop construction, plaintiff sought and received the relief requested because defendant was permanently enjoined from constructing the building. On defendant's appeal from that judgment, the Court refused to alter the Board of Adjustment's decision stating:

> Moreover, with reference to the adverse decision by the Board of Adjustment, the applicable statutes provide: "Every decision of such board shall be subject to review by the superior court by proceedings in the nature of certiorari." G.S. 153-266.17; Session Laws of 1949, Chapter 1043, Section 8. The decision of the Board of Adjustment is not subject to collateral attack. As stated by Adams, J., in *S. v. Roberson*, 198 N.C. 70, 72, 150 S.E. 674: "When . . . the building inspector's decision was affirmed by the board of adjustment the defendant should have sought a remedy by proceedings in the nature of certiorari for the purpose of having the validity of the ordinances finally determined in the Superior Court, and if necessary by appeal to the Supreme Court. This he failed to do and left effective the adjudication of the board of adjustment." The decisions of the Board of Adjustment are final, subject to the right of courts on certiorari "to review errors in law and to give relief against its orders which are arbitrary, oppressive, or attended with manifest abuse of authority."

*Id.* at 283-4, 136 S.E. 2d at 603.

Thus, defendants' right to raise the issues they attempt to raise is precluded by their failure to appeal. Because the unappealed Board decision is still effective, evidence that the or-

dinance was violated after the Board's decision is unnecessary. The trial court correctly enforced the Board of Adjustment's decision by granting summary judgment in plaintiff's favor.

Affirmed.

Judges WEBB and WHICHARD concur.