GUILFORD COUNTY PLANNING & DEVELOPMENT DEPARTMENT AND GUILFORD COUNTY v. DALE SIMMONS AND WIFE, JUDY SIMMONS

No. 9018DC587

(Filed 19 March 1991)

**Municipal Corporations §§ 30.11, 31.2 (NCI3d) — building chicken houses — question as to location of property — failure to petition for review of denial of variance — defendants collaterally estopped from raising issues**

In an action for a restraining order to prohibit defendants from building chicken houses on the property in question without the required building permit, setback requirements, and other approval procedures, the trial court was required to determine whether the property in question is located in Guilford County; if it is not in Guilford County, the Board had no authority and plaintiff's suit must be dismissed; if the property is in Guilford County, defendants are collaterally estopped from raising an issue as to whether the property in question is subject to the Guilford County zoning ordinance, since defendants failed to petition the superior court for review of the Board's denial of their request for a variance.

**Am Jur 2d, Administrative Law §§ 493-495; Zoning and Planning § 245.**

APPEAL by plaintiffs from judgment entered 28 March 1986 by *Judge J. Bruce Morton* in GUILFORD County District Court. Heard in the Court of Appeals 24 October 1990.

*Guilford County Attorney's Office, by Samuel M. Moore, J. Edwin Pons and Jonathan V. Maxwell, for plaintiff appellants.*

*J. Frank Harris for defendant appellees.*

COZORT, Judge.

The case below has its origins in the defendants' request for a building permit from the Guilford County Department of Planning and Development. Their request was denied, and they appealed to the Guilford County Board of Adjustment (the Board). The defendants sought a variance from setback requirements of Guilford County's zoning ordinance in order to construct two chicken houses. The Board denied the defendants a variance. Nevertheless, the defendants began construction of the chicken houses, and the plaintiffs initiated the case below with a complaint seeking a temporary restraining order against the defendants and preliminary and permanent injunctions prohibiting the defendants from building "on the portion of the property located in Guilford County without the required building permit, setback requirements and other approval procedures." The defendants answered, and, after further pleading, the case was tried without a jury. The trial court's judgment of 28 March 1986 denied the relief prayed for by plaintiffs, and they appealed. We vacate the judgment and remand the case for additional findings pursuant to N.C. Gen. Stat. § 1A-1, Rule 52 (1990).

On review we note initially that Rule 52(a) provides that "[i]n all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." Under Rule 52(a)(1), the "facts required to be found specially are those material and ultimate facts from which it can be determined whether the findings are supported by the evidence and whether they support the conclusions of law reached." *Quick v. Quick*, 305 N.C. 446, 451, 290 S.E.2d 653, 657 (1982).

The parties stipulated that the issues to be tried were:

a. Whether the property owned by the Defendants upon which they seek to erect chicken houses is subject to the Guilford County Zoning Ordinance.

b. Whether the property owned by the Defendants upon which they seek to erect chicken houses is located in Guilford County.

On those issues the trial court made the following pertinent finding of fact and conclusions of law:

**GUILFORD CO. PLANNING AND DEV. DEPT. v. SIMMONS**

[102 N.C. App. 325 (1991)]

14. That the Court is of the opinion that this case can be decided on issue a. in paragraph 12.a. in the Pre-Trial Order — whether the Defendants' property is subject to the Guilford County Zoning Ordinance; that the Court declines to proceed to issue b. in paragraph 12.b. in the Pre-Trial Order since the Court is of the opinion that issue b. is not necessary to a determination of this case.

\* \* \* \*

3. That the property upon which the Defendants seek to erect chicken houses is not shown on the Official Zoning Map of Guilford County (Plaintiffs' Exhibit 9) and is therefore not in Guilford Guilford [*sic*] for zoning purposes only.

\* \* \* \*

5. That this case can be decided on issue a. in paragraph 12.a. in the Pre-Trial Order — whether the defendants' property is subject to the Guilford County Zoning Ordinance; that the Court declines to proceed to issue b. in paragraph 12.b. in the Pre-Trial Order since issue b. is not necessary to a determination of this case.

Whether the property in question is located within Guilford County is a threshold issue. If the property is not in the county, the Board has no authority over it. N.C. Gen. Stat. §§ 153A-320, -340 (1987). If the Board lacks authority, the trial court lacks subject matter jurisdiction to entertain the plaintiffs' suit. If, upon remand, the court finds that the property is not in Guilford County, the court must dismiss the plaintiffs' suit.

If, on the other hand, the court finds that the property in question is in Guilford County, the defendants are collaterally estopped from raising in the case below issues they were required to raise by petitioning for review of the Board's decision. N.C. Gen. Stat. § 153A-345(e) (1987) provides in pertinent part that

[E]ach decision of the board is subject to review by the superior court by proceedings in the nature of certiorari. Any petition for review by the superior court shall be filed with the clerk of superior court within 30 days after the decision of the board is filed in such office as the ordinance specifies, or after a written copy thereof is delivered to every aggrieved party who has filed a written request for such copy with the secretary

or chairman of the board at the time of its hearing of the case, whichever is later.

Having failed to petition the superior court for review of the Board's denial of their request for a variance, the defendants cannot now be heard to assert that the property on which they are building "is not shown within the boundaries of Guilford County as depicted on the official zoning map of Guilford County and therefore is not subject to the Guilford County zoning ordinance."

In *Durham County v. Addison*, 262 N.C. 280, 136 S.E.2d 600 (1964), the defendant appealed to the Board of Adjustment for a variance after he had been denied a building permit. The Board upheld the administrator's denial of the permit; the defendant did not petition for review of the Board's decision. When the defendant proceeded with construction, the plaintiff sought injunctive relief to enforce Durham County's zoning ordinance. The Court held:

> with reference to the adverse decision by the Board of Adjustment, the applicable statutes provide: "Every decision of such board shall be subject to review by the superior court by proceedings in the nature of *certiorari*." The decision of the Board of Adjustment is not subject to collateral attack. As stated . . . in *S. v. Roberson*, "When . . . the building inspector's decision was affirmed by the board of adjustment the defendant should have sought a remedy by proceedings in the nature of *certiorari* for the purpose of having the validity of the ordinances finally determined in the Superior Court, and if necessary by appeal to the Supreme Court. This he failed to do and left effective the adjudication of the board of adjustment."

*Addison*, 262 N.C. 280, 283-84, 136 S.E.2d 600, 603 (1964) (citations omitted). Our Courts have consistently required litigants aggrieved by decisions of Boards of Adjustment to seek relief as mandated by statute. *See City of Hickory v. Catawba Valley Machinery Co.*, 39 N.C. App. 236, 238, 249 S.E.2d 851, 852 (1978); *Elizabeth City v. LFM Enterprises Inc.*, 48 N.C. App. 408, 413, 269 S.E.2d 260, 262 (1980); and *New Hanover County v. Pleasant*, 59 N.C. App. 644, 648-49, 297 S.E.2d 760, 762 (1982).

The case below is remanded to the trial division for a finding on the issue of whether the property on which the defendant is building is located in Guilford County and for entry of the ap-

propriate judgment pursuant to Rule 52(a). Upon remand the trial court may hear additional evidence, if the court determines such is necessary to resolve that issue.

Vacated and remanded.

Judges WELLS and LEWIS concur.