APPALACHIAN OUTDOOR ADVERTISING COMPANY, INC. v. TOWN OF BOONE

No. 9024SC1139

(Filed 16 July 1991)

**Municipal Corporations § 30.13 (NCI3d)— sign—zoning violation— removed after administrative hearing upheld—action for compensation or rescission of order—summary judgment for defendant**

The trial court correctly granted summary judgment for defendant in an action for compensation for the removal of a sign or that the Board of Adjustment's order to remove the sign be rescinded and declared void. There is no dispute that plaintiff received written notice of the decision against him on 7 June 1989 and never filed notice of appeal pursuant to N.C.G.S. § 160A-388(e). Plaintiff's attempts in this case to raise collateral issues of just compensation or to have the Board's decision rescinded are precluded by the failure to appeal within the appropriate time pursuant to N.C.G.S. § 160A-388(e).

**Am Jur 2d, Zoning and Planning §§ 13, 125, 252.**

APPEAL by plaintiff from judgment entered 2 August 1990 by *Judge Charles C. Lamm* in WATAUGA County Superior Court. Heard in the Court of Appeals 14 May 1991.

On 3 January 1989, plaintiff erected a sign blocking a business sign on adjacent property. This was a violation of defendant's zoning ordinance, and plaintiff was advised to remove its sign. Plaintiff requested an administrative hearing and defendant's planning director upheld the original decision that plaintiff must remove its sign. Plaintiff then appealed to the Boone Board of Adjustment (the Board).

On 7 June 1989, plaintiff received notification of the Board's decision to uphold the planning director. Plaintiff removed its sign on 12 June 1989.

Plaintiff filed its complaint in this action on 6 December 1989 seeking just compensation for the removal of its sign, or in the alternative, that the Board's order to remove the sign be rescinded and declared void.

On 31 January 1990, defendant answered the complaint and filed a motion for summary judgment. The trial court heard arguments on the motion for summary judgment during the 30 July 1990 session of Superior Court and granted defendant's motion by order of 2 August 1990.

Plaintiff appeals from this order.

*Flaherty, Robbins, Swanson & Hartshorn, P.A., by Ed Hartshorn, III, for plaintiff-appellant.*

*Paletta & Hedrick, by David R. Paletta, for defendant-appellee.*

ORR, Judge.

The sole issue on appeal is whether the trial court erred in granting summary judgment in defendant's favor. For the following reasons, we hold that the trial court did not err and affirm its judgment of 2 August 1990.

Under N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990), a motion for summary judgment may be granted "if the pleadings, depositions, . . ., together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." A defending party is entitled to summary judgment if he can show that a plaintiff cannot overcome an affirmative defense or that no claim for relief exists. *Rolling Fashion Mart, Inc. v. Mainor*, 80 N.C. App. 213, 216, 341 S.E.2d 61, 63 (1986) (citation omitted). The party moving for summary judgment has the burden of establishing the lack of any triable issue of material fact, and all inferences are resolved in favor of the non-movant. *Joel T. Cheatham, Inc. v. Hall*, 64 N.C. App. 678, 308 S.E.2d 457 (1983).

With these general principles in mind, we now turn to whether summary judgment was appropriate in the present case. In support of its motion, defendant argues that N.C. Gen. Stat. § 160A-388(e) governs appeals from the Board of Adjustment decisions, and requires that such decisions be appealed within 30 days after the aggrieved party receives written notice of the decision. There is no dispute that plaintiff received written notice of the decision against him on 7 June 1989 and never filed notice of appeal pursuant to § 160A-388(e). Defendant further argues that plaintiff may not circumvent the requirements of that statute by filing a complaint

under § 136-131.1 for just compensation when the just compensation argument was made before the Board and rejected. We agree.

In *Durham County v. Addison*, 262 N.C. 280, 136 S.E.2d 600 (1964), defendant's application for a variance permit to build a house was denied by the Durham County Board of Adjustment and defendant failed to appeal pursuant to G.S. 153-266.17 (now § 153A-345(e), which is virtually identical to § 160A-388(e); the only difference is that the former applies to appeals from county boards and the latter applies to appeals from town or city boards). The defendant then proceeded to build the house and Durham County filed an action to enjoin defendant from building.

In ruling for the plaintiff, our Supreme Court stated:

Moreover, with reference to the adverse decision by the Board of Adjustment, the applicable statutes provide: "Every decision of such board shall be subject to review by the superior court by proceedings in the nature of *certiorari*." G.S. 153-266.17; Session Laws of 1949, Chapter 1043, Section 8. The decision of the Board of Adjustment is not subject to collateral attack. As stated . . . [cite]: "When . . . the building inspector's decision was affirmed by the board of adjustment the defendant should have sought a remedy by proceedings in the nature of *certiorari* for the purpose of having the validity of the ordinances finally determined in the Superior Court, and if necessary by appeal to the Supreme Court. This he failed to do and left effective the adjudication of the board of adjustment."

*Id.* at 283-84, 136 S.E.2d at 603. *See also New Hanover County v. Pleasant*, 59 N.C. App. 644, 297 S.E.2d 760 (1982) (to allow a collateral attack on an unappealed board of adjustment's decision would make the decision meaningless).

Thus, plaintiff's attempts in the case before us to raise collateral issues for just compensation, or in the alternative, to have the Board's decision rescinded, is precluded by plaintiff's failure to appeal within the appropriate time pursuant to § 160A-388(e).

Plaintiff argues that *Durham County* and *New Hanover County* do not apply here because plaintiff requested just compensation which had not been raised before the Board and did not request that the prior judgment be declared invalid. We have reviewed the record before us and find that plaintiff did, in fact, raise the issue of just compensation before the Board and requested in its

complaint that the Board's decision be rescinded. We find no merit to plaintiff's contentions.

For the above reasons, we hold that the trial court did not err in granting summary judgment in defendant's favor and therefore affirm its judgment of 2 August 1990.

Affirmed.

Judges COZORT and WYNN concur.