GUILFORD COUNTY PLANNING & DEVELOPMENT DEPARTMENT AND GUILFORD COUNTY, PLAINTIFFS-APPELLANTS v. DALE SIMMONS AND WIFE, JUDY SIMMONS, DEFENDANTS-APPELLEES

No. 9318DC644

(Filed 7 June 1994)

## 1. Zoning § 6 (NCI4th)— failure to appeal ruling by Board of Adjustment—defendants not estopped from arguing location of property

Though defendants failed to appeal the board of adjustment's determination that their property was located in Guilford County, defendants were not subsequently estopped from arguing the issue of the location of their property, since that issue determines the fundamental question of whether the board of adjustment had subject matter jurisdiction over this matter.

**Am Jur 2d, Zoning and Planning § 129.**

## 2. Zoning § 6 (NCI4th)— chicken house built in violation of zoning ordinance—chicken house outside county

In an action to restrain and enjoin defendants from building chicken houses in violation of Guilford County's zoning ordinances, the evidence was sufficient to support the trial court's determination that plaintiff failed to meet its burden of proving that defendants' chicken houses were located in Guilford County.

**Am Jur 2d, Zoning and Planning § 129.**

Appeal by plaintiffs from order entered 22 January 1993 by Judge J. Bruce Morton in Guilford County District Court. Heard in the Court of Appeals 21 March 1994.

*Guilford County Attorney's Office, by Deputy County Attorney J. Edwin Pons and County Attorney Jonathan V. Maxwell, for plaintiffs-appellants.*

*No brief filed for defendants-appellees.*

GUILFORD CO. PLANNING & DEV. DEPT. v. SIMMONS

[115 N.C. App. 87 (1994)]

LEWIS, Judge.

Defendants sought building permits from the Guilford County Department of Planning and Development to erect two chicken houses on their property. The department denied the permits because defendants' property did not meet dimensional requirements, although it was zoned correctly. Defendants appealed the denial to the Guilford County Board of Adjustment, requesting variances from the dimensional requirements and raising the issue of whether their property is actually located in Guilford County. The Board ruled that the property is located in Guilford County and denied the variances. Instead of petitioning the superior court for review of the Board's decision, according to N.C.G.S. § 153A-345(e) (1991), defendants began building their chicken houses without the appropriate permits.

In October 1985, the Guilford County Planning and Development Department and Guilford County (hereinafter "the County") brought the present action in Guilford County District Court to restrain and enjoin defendants from building the chicken houses. The court issued a preliminary injunction preventing defendants from building the chicken houses without the necessary permits. When the case proceeded to a hearing the parties stipulated to two issues: (1) whether defendants' property is subject to Guilford County zoning, and (2) whether defendants' property is located in Guilford County. The court ruled, on 23 January 1990, *nunc pro tunc* for 28 March 1986, that defendants' property was not subject to Guilford County zoning, but did not rule on whether the property was located in Guilford County. The County appealed to the Court of Appeals.

On 19 March 1991 the Court of Appeals remanded the case for a determination of the threshold issue of whether the property is located in Guilford County, stating that the trial court could hear additional evidence on the issue. *Guilford County Planning & Dev. Dep't v. Simmons*, 102 N.C. App. 325, 401 S.E.2d 659, *disc. review denied*, 329 N.C. 496, 407 S.E.2d 533 (1991). On remand, in February 1992, without hearing any additional evidence, the trial court signed an order *nunc pro tunc* for 7 November 1991 finding that the property was located in Guilford County and permanently enjoining defendants from building their chicken houses. On 8 June 1992, however, the court granted defendants' motion for a new trial. In January 1993 the court dismissed the County's action, finding that the County had

GUILFORD CO. PLANNING & DEV. DEPT. v. SIMMONS

[115 N.C. App. 87 (1994)]

failed to meet its burden of proving that the property is located in Guilford County. The County now appeals to this Court.

On appeal the County contends the court erred in dismissing its action, because: (1) defendants were estopped from denying that their property is located in Guilford County because they failed to appeal the Board of Adjustment's decision, and (2) the evidence at trial was sufficient to show that the property and chicken houses are located in Guilford County. The County also contends that the trial court erred in setting aside its 17 February 1992 judgment and permanent injunction.

I.

[1] The County contends that defendants should be estopped from denying that the chicken houses are in Guilford County, because they failed to appeal the Board of Adjustment's determination that the houses are located in Guilford County. As the County points out, by statute defendants' only remedy from an adverse decision of a Board of Adjustment is an appeal to the superior court in the nature of certiorari. N.C.G.S. § 153A-345(e) (1991). It is well settled that collateral attacks on a decision of a Board of Adjustment are not permitted. *See, e.g., Guilford County Planning & Dev. Dep't v. Simmons,* 102 N.C. App. 325, 401 S.E.2d 659, *disc. review denied,* 329 N.C. 496, 407 S.E.2d 533 (1991); *Durham County v. Addison,* 262 N.C. 280, 136 S.E.2d 600 (1964). Thus, the County contends that defendants may not, in a later action, raise defenses and issues which were before the Board of Adjustment, such as the location of the property.

Although the County's statement of the law is accurate, we must overrule this assignment of error. The issue of the location of the property determines the fundamental question of whether the Board of Adjustment had subject matter jurisdiction over this matter. *See Simmons,* 102 N.C. App. at 327, 401 S.E.2d at 660-61. If the property is not in Guilford County, the Board had no jurisdiction. *Id.* at 327, 401 S.E.2d at 661; N.C.G.S. §§ 153A-320, -340 (1991). If the Board lacked jurisdiction, the district court lacked jurisdiction. *Simmons,* 102 N.C. App. at 327, 401 S.E.2d at 661. For this reason this Court remanded the case to the district court for a determination of the location of the property. If the district court determined that the property is not in Guilford County, the case would have to be dismissed. *Id.* If the district court determined that the property is in Guilford County, defendants would be estopped from raising any issues they should have raised by petitioning for review of the

Board's decision. *Id.* The threshold issue, therefore, in determining whether defendants should be estopped, is whether the property is located in Guilford County. For the purposes of determining this threshold issue, defendants were not estopped from arguing the issue of the location of their property.

## II.

[2] The County next contends that the evidence was sufficient to establish that defendants' chicken houses are located in Guilford County. The County points out that all witnesses who referred to official federal and state maps testified that the maps showed that the chicken houses are in Guilford County. The County discredits defendants' evidence of aerial photos and topographic maps, stating that the maps contain no indicia of accuracy, are not tied to the coordinate plane system, and are not as reliable as tax maps. The County also points out that the tax maps show the chicken houses to be located in Guilford County.

In cases where the trial judge sits as the trier of fact, the court's judgment is binding upon this Court if there is any competent evidence to support its findings, whether or not contrary evidence also exists. *Institution Food House, Inc. v. Circus Hall of Cream, Inc.,* 107 N.C. App. 552, 555-56, 421 S.E.2d 370, 372 (1992). The trial court is in the best position to evaluate and weigh the evidence, and determine the credibility of the witnesses. *Kirkhart v. Saieed,* 98 N.C. App. 49, 54, 389 S.E.2d 837, 840 (1990).

We find that there was sufficient competent evidence to support the court's judgment. In its order dismissing the action, the court carefully set forth and reviewed the evidence presented. Several maps, including the tax maps, indicate that the property is located in Guilford County. However, other maps indicate that the property is located in Alamance County. The court considered whether the various maps were based upon field surveys, or whether they were composites from various sources such as deeds. Notably, the official zoning map for Guilford County, prepared in January 1992, clearly shows that the property in question is located in Alamance County. A witness from the Guilford County Planning Department testified that the county zoning map and topographic map indicate that the property is in Alamance County. He also testified that those maps may not be accurate and that the department relies more on the tax maps. An assistant tax supervisor for Guilford County visited the property in search of a monument indicating the location of the County line.

Finding none, he concluded that any monuments had been either removed or destroyed.

The court also found that the boundary line between Guilford and Alamance Counties had been established by the Colonial Legislature in 1770. It was to be a line running north and south, "25 miles due west of Hillsborough." However, no specific location in Hillsborough was mentioned. Other testimony established that there never has been a survey of the Alamance/Guilford County line, and that there are no monuments to mark it.

None of the evidence presented, according to the court, was reliable enough to clearly indicate the location of the county line. The court noted that plaintiffs had the burden of proof on the issue and concluded that plaintiffs had failed to show by a preponderance of the evidence that the land is located in Guilford County. We conclude that competent evidence supported the court's findings and find no basis for disturbing the court's well-reasoned determination that the County has failed to meet its burden of proof.

### III.

Finally, the County contends that the trial court erred in setting aside its 27 February 1992 judgment. The County argues that defendants' Rule 59 motion was insufficient to warrant a new trial. We note that the court granted the new trial pursuant to Rule 59(a)(9). Rule 59(a)(9) is a catch-all provision, permitting a new trial for "[a]ny other reason heretofore recognized as grounds for new trial." N.C.G.S. § 1A-1, Rule 59(a)(9) (1990); *Britt v. Allen*, 291 N.C. 630, 231 S.E.2d 607 (1977).

A court's decision regarding a Rule 59 motion is reviewable only for a manifest abuse of discretion. *Worthington v. Bynum*, 305 N.C. 478, 290 S.E.2d 599 (1982). In granting the motion to set aside, the trial court made findings of fact and conclusions of law. In its findings of fact the court noted and discussed the evidence presented in the new trial motion. The court did not grant the trial on the basis of newly-discovered evidence under Rule 59(a)(4), but concluded that, pursuant to Rule 59(a)(9), "justice and equity require that this court consider any additional evidence" concerning the issue of the location of the property. It is well established that a court may set aside a verdict under Rule 59(a)(9) in the interests of justice and equity. *See, e.g., Sizemore v. Baxter*, 58 N.C. App. 236, 293 S.E.2d 294, *disc.*

*review denied*, 306 N.C. 744, 295 S.E.2d 480 (1982); *Goldston v. Chambers*, 272 N.C. 53, 157 S.E.2d 676 (1967).

We find no abuse of discretion in the case at hand. The judgment of the trial court is hereby affirmed in all respects.

Affirmed.

Chief Judge ARNOLD and Judge COZORT concur.