IN THE MATTER OF LEAMON F. COUCH, THE BEMAC CORPORATION, FRED M. DUNCAN AND WIFE, GLADYS S. DUNCAN.

(Filed 12 December 1962.)

**1. Municipal Corporations § 25—**

Where a zoning ordinance permits in the zone in question commercial uses incidental to the needs of the local residential neighborhood, including service stations, an applicant is entitled as a matter of right to a permit to operate a car-wash service in the zone, since cars are commonly washed at gasoline service stations and the whole includes all of its parts.

**2. Same—**

Zoning ordinances are in derogation of the rights of private property and should be liberally construed in favor of the property owner.

APPEAL by petitioners from *Hobgood, J.*, May, 1962 Civil Term, DURHAM Superior Court.

The petitioners applied to the building inspector of the City of Durham for a permit to erect a car wash service station on a lot located in a C-1 Local Community Commercial Zone. The building inspector, without passing on the application, referred it to the Board of Adjustment, requesting advice whether such a structure is permissible in C-1 zone.

Among the many uses permitted in a C-1 zone are the following: "3. Automobile service stations for the sale of gasoline, oil, and minor accessories only, where no repair work is done except minor repairs made by the attendant, subject to the prohibitions of Section XVIII. (The prohibitions are not material). . . . 5. It is the intent to limit the commercial uses permitted in this zone to those uses properly incidental to the needs of the local residential neighborhood in which the commercial use is situated."

The petitioners objected to the reference to the Board for advice, contending they were entitled to the permit as a matter of right.

The Board of Adjustment conducted a hearing at which arguments for and against granting the permit were heard. The Board voted 3-2 to allow the permit. However, the Board's rules required approval by four members. Consequently the permit was denied.

The petitioners applied to the superior court for, and were granted a writ of *certiorari* to review the proceeding. After hearing, Judge Hobgood affirmed the decision of the Board of Adjustment and dismissed the writ. The petitioners appealed.

*Blackwell M. Brogden for petitioners, appellants.*

*Claude V. Jones for Board of Adjustment of City of Durham, respondent appellee.*

*Newsom, Graham, Strayhorn & Hedrick, Josiah B. Murray, III, for Ralph N. Strayhorn, amicus curiae.*

HIGGINS, J. We may disregard the petitioners' technical objection that the building inspector should have passed on the application for the permit without referring it to the Board of Adjustment for advice. Likewise, we may disregard the contention of the protestants that the Board has passed on the question in its discretion.

The petitioners contend they were entitled to the permit as a matter of right. The ordinance involved was passed in 1951. At that time a service station devoted exclusively to washing automobiles was unknown. Practically every filling station performed this service where water in sufficient quantity was available. We think Sections (3) and (5) of the ordinance, when construed together, contemplate the washing of automobiles as a permitted activity on the part of automobile service stations selling gasoline and oil, and doing light repair work. The service certainly is a commercial use properly incidental to the needs of a local residential neighborhood. The City Director of General Services certified: "This property is located in a C-1 Commercial Zone which permits along with other uses service stations where normally cars are washed."

The petitioners propose to erect a building which admittedly meets all the requirements of the building code. The intended use is the only objection. Apparently if the proprietor were to sell gasoline, oil and minor accessories, and to make minor repairs and wash cars, the petitioners would be entitled to the permit. Certainly, according to the Director, washing cars is a permissible use in the zone, if done in connection with the other activities named.

On the theory that the whole includes all the parts, we think the petitioners have the right to erect a building for any one or more of the permitted uses. "The law is disposed to interpret language in the light of surrounding circumstances and to give to words their ordinary meaning and significance. . . . Zoning ordinances are in derogation of the right of private property, and where exemptions appear in favor of the property owner, they should be liberally construed in favor of such owner." *In re Appeal of Supply Co.*, 202 N.C. 496, 163 S.E. 462; *In re O'Neal*, 243 N.C. 714, 92 S.E. 2d 189; *Penny v. Durham*, 249 N.C. 596, 107 S.E. 2d 72.

The many cases cited by the attorney for the City and by the *Amicus Curiae* involve matters passed on by zoning and other boards as discretionary matters. The petitioners' showing entitled them to the requested building permit as a matter of right. The Superior Court

will remand the proceeding to the proper City authorities, directing that a permit issue, unless cause for denial has arisen since the hearing.
The judgment of the Superior Court of Durham County is
Reversed.