County of Durham v. Maddry & Co., Inc.

COUNTY OF DURHAM v. MADDRY AND COMPANY, INC., THOMAS E. MAD-
DRY, INDIVIDUALLY AND AS AN OFFICER OF MADDRY AND COMPANY, INC.,
AND JAMES A. MADDRY, INDIVIDUALLY AND AS AN OFFICER OF MADDRY
AND COMPANY, INC.

No. 8414SC529

(Filed 5 February 1985)

Municipal Corporations § 30.11— zoning ordinance—minor automotive repair ga-
rage—permitted use

Defendants' operation of a minor automotive repair garage was a permit-
ted use within the Highway Commercial Zone applicable to their property,
though the Village Commercial Zone of plaintiff's zoning ordinance specifically
provided for the operation of a business devoted exclusively to automobile
repairs, since the operation of a gasoline service station doing light repair
work was a permitted use within the Highway Commercial Zone, and other
uses permitted in this zone were diverse and in keeping with a minor
automotive repair garage.

APPEAL by defendants from *McLelland, Judge.* Order en-
tered 6 March 1984. Heard in the Court of Appeals 15 January
1985.

Defendants appeal from an order permanently enjoining
operation of an automobile repair service on their premises.

*Thomas Russell Odom, Assistant County Attorney, for plain-
tiff appellee.*

*David M. Rooks, III, for defendant appellant.*

WHICHARD, Judge.

The sole issue is whether defendants' operation of a minor
automotive repair garage is a permitted use within the Highway
Commercial Zone applicable to their property. We hold that it is.

According to the Durham County Zoning Ordinance, the op-
eration of a "[g]asoline service station where . . . the repair,
replacement or adjustment to vehicles shall be limited to minor
accessory parts" is a permitted use within the Highway Commer-
cial Zone. Durham County Zoning Ordinance, Highway Commer-
cial District, Sec. XIII. Under *In Re Couch*, 258 N.C. 345, 128 S.E.
2d 409 (1962), which we find controlling, "[o]n the theory that the
whole includes all the parts, [defendants] have the right to erect a

building for any one or more of the permitted uses." *Id.* at 346, 128 S.E. 2d at 411. In *Couch* the petitioners were allowed to erect and operate a car wash because washing of automobiles was "a permitted activity on the part of automobile service stations selling gasoline and oil, and doing light repair work," which stations the applicable zone permitted. *Id.*, 128 S.E. 2d at 410. Since the ordinance here permits a service station to do minor repairs in a Highway Commercial Zone, under the *Couch* rationale a garage devoted exclusively to minor repairs should also be permitted in that zone.

Plaintiff notes that the Village Commercial Zone, Durham County Zoning Ordinance, Sec. XIV, specifically provides for the operation of a business devoted exclusively to automobile repairs. In light of the holding in *Couch*, however, we see no reason to limit the operation of a garage for minor repairs to the Village Commercial District.

Nor are policy reasons for doing so apparent. In addition to gasoline service stations, the uses permitted in a Highway Commercial Zone (Sec. XIII) include mobile home courts, tourist camps, restaurants, offices, clinics, medical and dental laboratories, retail stores, wholesale distributors, barber and beauty shops, shoe repair shops, banks, laundry and dry cleaning pick-up stations, recreation establishments and clubs, sales rooms for nurseries or greenhouses, truck terminals, and billboards. Given the type and diversity of uses permitted in this zone, we find no rational basis for permitting minor car repairs if defendants sell gas but not if they only repair vehicles. Moreover, it has long been the rule that zoning ordinances are in derogation of the right of private property and where possible should be construed in favor of freedom of use. *In Re Application of Construction Co.*, 272 N.C. 715, 718, 158 S.E. 2d 887, 890 (1968).

Defendants concede that they are in violation of State Building Code Sec. 105.6(h) since they converted their building without final inspection by the County. They also conceded in oral argument that they are in violation of Subsection 3, Sec. XIII of the Zoning Ordinance, *supra*, which requires that "[a]utomobiles or similar vehicles shall not be parked or stored for the purpose of removing parts or for the purpose of making major or extensive repairs."

We thus reverse and remand, directing that defendants may be enjoined from operation of a minor automotive repair garage on their premises only for as long as they remain in violation of the State Building Code or the Durham County Zoning Ordinance, *supra*, concerning parked vehicles. This directive shall apply unless cause for a permanent injunction, for reasons other than those on which the instant injunction is based, have arisen since the hearing below.

Reversed and remanded.

Chief Judge HEDRICK and Judge PARKER concur.