### STATE v. PHILLIP BROCKWELL.

(Filed 22 January, 1936.)

**1. Constitutional Law B. c—**

The courts of this State have the power and duty, when the constitutionality of a statute is challenged in a proper proceeding, to declare whether or not the statute is valid.   N. C. Const., Art. II, sec. 1; Art. IV, sec. 2.

**2. Statutes A e—**

A statute will not be declared unconstitutional by the courts unless it appears beyond a reasonable doubt that its enactment was in violation of constitutional limitations, and all reasonable doubt will be resolved in favor of its validity.

**3. Constitutional Law C a—Exercise of police power is left largely to the discretion of the General Assembly.**

The exercise by the General Assembly of the police power vested in it as the legislative department of the State government is left largely to its discretion, and the power of the courts cannot be invoked to control this discretion, unless its exercise results in an unnecessary interference with the rights of the citizen.

**4. Constitutional Law C c—Statute regulating use of milk bottles held void as unnecessary interference with rights of citizens.**

Ch. 284, Public Laws of 1933, N. C. Code, 7251 (W), regulating the use of milk bottles and other dairy products containers, *is held* unconstitutional and void as an unwarranted exercise of the police power, since its provisions prohibiting the use of milk bottles by the owner, or person in lawful possession thereof, for purposes other than the distribution of milk bears no relation to the public health, or ordinarily with the susceptibilities of the public, unless such container, after its use for other purposes, is used or intended to be used for the distribution of milk.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by the State from *Parker, J.,* at September Term, 1935, of WAKE. Affirmed.

This is a criminal action, in which the defendant was tried *de novo* in the Superior Court of Wake County on a warrant issued by a justice of the peace of said county, on 11 June, 1935.

The defendant was charged in the complaint on which the warrant was issued with a violation, on or about 10 June, 1935, of the provisions of chapter 284, Public Laws of North Carolina, 1933 [N. C. Code of 1935, sec. 7251 (W)], which is as follows:

"An act to prohibit the wrongful use of milk bottles, crates, cans, and other containers of dairy products.

"SECTION 1. No person, firm, or corporation shall use or permit to be used a milk bottle or other receptacle designed as a milk container, or container of dairy products, and having the name, brand, or trade-mark of any other person, firm, or corporation thereon, for any purpose other than as a milk container, or as a container of dairy products.

"SEC. 2. It shall be unlawful for any person, firm, or corporation to use or permit to be used any milk bottle, can, crate, or any other container for milk or milk products which has the name, label, trade-mark, or inscription of any other person, firm, or corporation blown, embossed, or marked thereon.

"SEC. 3. That it shall be unlawful for any person, firm, or corporation to purchase milk bottles except from a wholesale dealer, retail store, or dairyman having the same for sale, and it shall also be unlawful for any person, firm, or corporation, other than dealers having the same for sale, to sell any milk bottles; provided, that this act shall not apply to judicial sales.

"SEC. 4. Any person, firm, or corporation or agent willfully violating any of the sections of this statute shall be guilty of a misdemeanor, and shall be subject to a penalty of a fine of not more than fifty ($50) dollars or imprisonment of not more than thirty days for each and every violation thereof.

"SEC. 5. All laws and clauses of laws in conflict herewith are hereby repealed.

"SEC. 6. This act shall be in full force and effect from and after its ratification.

"Ratified this the 20th day of April, A.D. 1933."

At the trial a special verdict was returned by the jury as follows:

"We, the jury, find as a special verdict, from the evidence in this case, that the defendant Phillip Brockwell, on 10 June, 1935, at Raleigh, in Wake County, willfully used a milk bottle designed as a milk container, and having the name, brand, and trade-mark of Wright's Dairy blown or embossed in the glass of said bottle for another purpose than a milk container, that is, he used it for the following purpose: As a container for a specimen of his urine which he brought to the Wake County Health Department for the purpose of an urinalysis.

"There were twenty-seven distributors of milk and dairy products in Wake County on 10 June, 1935. All of these used milk bottles which had their name, label, or trade-mark or inscription embossed or marked on the said milk bottles. Some of them, at times, used milk bottles also that were not marked.

"If the court shall be of the opinion that the defendant Phillip Brockwell is guilty on the foregoing facts, we find him guilty; if the court shall be of the opinion that the defendant Phillip Brockwell is not guilty upon the foregoing facts, we find him not guilty."

The court being of opinion that on the facts set out in the special verdict, the defendant is not guilty, ordered, and adjudged that the defendant be and he was discharged. The State excepted and appealed to the Supreme Court, assigning error in the judgment.

*Attorney-General Seawell and Assistant Attorney-General Aiken for the State.*

*Chas. U. Harris for defendant.*

CONNOR, J. When the validity of a statute enacted by the General Assembly of this State in the exercise of its legislative authority (Const. of N. C., Art. II, sec. 1) is challenged on the ground that its enactment was in violation of some express or implied limitation upon the exercise of such authority, imposed by the Constitution of North Carolina or by the Constitution of the United States, as in the instant case, the courts of

this State have the power and in a proper case it is their duty, in the exercise of the judicial power vested in them by the Constitution of this State (Const. of N. C., Art. IV, sec. 2), to decide whether or not the statute is valid. In the exercise of this power and in the performance of this duty it is a recognized principle, uniformly applied, that the courts will not adjudge that a statute is void on the ground that its enactment was in violation of a constitutional limitation, unless it so appears beyond a reasonable doubt. If there is any reasonable doubt as to the validity of the statute, such doubt will be resolved in favor of the validity of the statute. This principle is founded upon a proper respect for the intelligence and good faith of a coördinate department of the State government, which derives its authority from and is responsible to the people of the State, as is the case with the judicial department.

The statute involved in the instant case manifestly was enacted by the General Assembly in the exercise of the police power vested in the General Assembly as the legislative department of the government of this State. The exercise of the police power is left largely to the discretion of the General Assembly. The judicial power of the courts cannot be invoked to control this discretion, unless its exercise results in an unnecessary interference with rights of the citizen, for the protection of which the government was established.

In the instant case, conceding that the statute was enacted by the General Assembly for the protection of the public health, and the promotion of decency, we are of opinion that the statute needlessly interferes with property rights. We can discover no relation between the use by an owner or by one in the lawful possession of a milk bottle and the public health, or ordinarily with the susceptibilities of the public, unless indeed the bottle is used or intended to be used thereafter for the distribution of milk.

We concur with the learned judge who presided at the trial of this action in the Superior Court that the statute for the violation of which the defendant was tried is void. The defendant, although he has violated its provisions, has committed no crime and was properly discharged. The judgment is

Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.