NANNIE D. VINSON v. MINNIE V. CHAPPELL, ADMINISTRATRIX C. T. A. OF JOHN A. VINSON, DECEASED, MINNIE V. CHAPPELL, INDIVIDUALLY, LIZZIE SASSER, MERL C. McCLENNY, ADMINISTRATOR OF THE ESTATE OF DAVID J. VINSON, DECEASED, SALLIE H. VINSON, WIDOW, MARGARET V. McCLENNY AND FRANCES V. BRYANT

No. 688SC445

(Filed 31 December 1968)

**1. Statutes § 4—   constitutionality presumed**
    The constitutionality of a statute is presumed, and the courts must hold a statute constitutional unless it is in conflict with some constitutional provision.

**2. Statutes § 5—   construction of statute — function of court**
    The function of a court is to declare what the law is and not what the law ought to be.

**3. Statutes § 4—   determination of constitutionality**
    Unless a statute is plainly obnoxious to some constitutional provision, a court will not ordinarily substitute its judgment for that of the Legislature.

**4. Statutes § 4— determination of constitutionality**

    Statutes must be upheld unless their unconstitutionality appears clearly, positively and unmistakably.

**5. Descent and Distribution § 1— right of intestate succession**

    There is no natural or inherent right to succeed to intestate property, such succession being at the will of and subject to the sovereign political power of the State which alone has the inherent right to succeed to such property.

**6. Wills § 61— dissent from will by second spouse — lineal descendants of former marriage but none by second marriage**

    G.S. 30-3(b), which provides that a second or successive spouse who dissents from the will of his deceased spouse shall take only one-half the amount provided by the Intestate Succession Act for the surviving spouse if the testator has surviving him lineal descendants by a former marriage but there are no surviving lineal descendants by the second or successive marriage, *is held* not to create a classification or distinction that is arbitrary and unjustifiable so as to be offensive to the Federal or State Constitutions.

APPEAL by plaintiff from *Cowper, J.,* in chambers on 8 July 1968, WAYNE Superior Court.

This action was filed under the Declaratory Judgment Act, and the facts are not in dispute.

Plaintiff and John A. Vinson were married on 7 January 1953 and thereafter lived together as husband and wife until his death on 26 January 1968. Plaintiff was the second wife of John A. Vinson and no children were born to their marriage. Mr. Vinson left surviving him three children by a former marriage and left a Last Will and Testament, dated 10 September 1964, in which he devised and bequeathed a portion of his property to plaintiff and the balance to his three children.

The will was duly admitted to probate, and plaintiff filed a dissent to the will pursuant to G.S. 30-2. Thereafter, she filed the petition in this proceeding alleging that by reason of her dissent she is entitled to one-third of the net estate of her late husband, contending that G.S. 30-3(b) is unconstitutional.

Answer was filed by other beneficiaries of the estate, and the matter was heard by Cowper, J., upon the pleadings and certain evidence and stipulations of the parties. He concluded that G.S. 30-3(b) is a constitutional enactment as applied to the facts in this case and adjudged that plaintiff is entitled to only one-sixth of the estate of the said John A. Vinson, deceased. Plaintiff made numerous exceptions to the conclusions of law set forth in the judgment and appealed.

*Herbert B. Hulse and Sasser, Duke & Brown by John E. Duke for plaintiff appellant.*

*Futrelle & Baddour by Philip A. Baddour, Jr., for defendant appellees.*

BRITT, J.

[6]     Plaintiff asserts that the provisions of G.S. 30-3(b) should be declared illegal and unconstitutional. This statute provides in substance that whenever a second or successive spouse dissents from the will of his or her deceased spouse, he or she shall take one-half of the amount provided by the Intestate Succession Act for the surviving spouse if the testator has surviving him a lineal descendant by a former marriage but there is no surviving lineal descendant by the second or successive marriage. Plaintiff contends that the statute sets up a category or classification which is illegal and unconstitutional.

[1]     The constitutionality of a statute is presumed, and the courts must hold a statute constitutional unless it is in conflict with some constitutional provision. *State v. Hales,* 256 N.C. 27, 122 S.E. 2d 768; 90 A.L.R. 2d 804.

[2]     The function of a court is to declare what the law is and it is not concerned with what the law ought to be. *State v. Ballance,* 229 N.C. 764, 51 S.E. 2d 731; 7 A.L.R. 2d 407.

What the Legislature is not forbidden to do by the Constitution, it should not be prevented from doing by the courts. *Manning v. Sims,* 308 Ky. 587, 213 S.W. 2d 577; 5 A.L.R. 2d 1154.

[3]     Unless a statute is plainly obnoxious to some constitutional provision, a court will not ordinarily substitute its judgment for that of the Legislature. *Chattanooga v. Fanburg,* 196 Tenn. 226, 265 S.W. 2d 15, 42 A.L.R. 2d 1200.

[4]     Statutes must be upheld unless their unconstitutionality clearly, positively, and unmistakably appears; a mere doubt does not afford sufficient reason for a judicial declaration of invalidity. *Smith v. Peterson,* 280 P. 2d 522 (Cal.), 49 A.L.R. 2d 1194.

[5]     Although there is some authority that the succession to intestate property is a natural or inherent right which, although it may be regulated within reasonable limits, cannot be taken away or substantially impaired, it is generally held that there is no such natural right and that such succession is at the will of and subject to the sovereign political power of the state. The theory of the law is that

any participation in the estate of a deceased person is by grace of the sovereign political power, which alone has any natural or inherent right to succeed to such property. 23 Am. Jur. 2d, Descent and Distribution, § 11, p. 758.

The Supreme Court of North Carolina has consistently followed the general rule above stated. In *Pullen v. Commissioners*, 66 N.C. 361, in an opinion by Rodman, J., we find the following:

> "* * * Property itself, as well as the succession of it, is the creature of positive law. The legislative power declares what objects in nature may be held as property; it provides by what forms and on what conditions it may be transmitted from one person to another; it confines the right of inheriting to certain persons whom it defines heirs; and on the failure of such it takes the property to the State as an escheat.

> The right to give or take property is not one of those natural and inalienable rights which are supposed to precede all government, and which no government can rightfully impair. There was a time, at least as to gift by will, it did not exist; and there may be a time again when it will seem wise and expedient to deny it. These are the uncontested powers of the Legislature upon which no article of the Constitution has laid its hands to impair them.

> * * * *"

[6] In their brief, plaintiff's counsel contend that the challenged statute is an arbitrary, unjust, unreasonable and illegal discrimination in violation of the Fourteenth Amendment of the Federal Constitution and of section 17 of Article I of the Constitution of North Carolina. In *Motley v. Board of Barber Examiners*, 228 N.C. 337, 45 S.E. 2d 550, plaintiffs challenged the constitutionality of an act of the General Assembly, contending that it was in violation of the constitutional provisions aforesaid as well as others. Our Supreme Court, in an opinion by Seawell, J., declared:

> "These provisions of the Constitution are not so naive as not to contemplate the classifications and distinctions which orderly government is required to make with respect to the subjects of its control. 'Discrimination' does not ordinarily connote unfairness nor can it be used as a label to disqualify and condemn a statute as 'class legislation.' It is only when the classification, or the distinction, is arbitrary and unjustifiable upon any reasonable view that it becomes invidious and offensive to the Constitution, so that the Court may undertake to exercise the extraordinary power it possesses to declare the statute void. The Un-

constitutionality must clearly appear before the Court can so declare it. *Brumley v. Baxter*, 225 N.C. 691, 36 S.E. (2d), 281; *S. v. Brockwell*, 209 N.C., 209, 183 S.E., 378."

More recently, in *Board of Managers v. Wilmington*, 237 N.C. 179, 74 S.E. 2d 749, our State Supreme Court reasserted that all reasonable doubt must be resolved in favor of the constitutionality of an act of the General Assembly, and a statute will not be declared unconstitutional unless it is clearly so.

Of like effect have been decisions of the Supreme Court of the United States as indicated in *McGowan v. Maryland*, 366 U.S. 420, 6 L. Ed. 2d 393. We quote the text of the first three headnotes of the opinion.

"1.  While no precise formula has been developed, the Fourteenth Amendment permits the states a wide scope of discretion in enacting laws which affect some groups of citizens differently than others; the constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the state's objective.

2.  State legislatures are presumed to have acted within their constitutional power despite the fact that in practice their laws result in some inequality.

3.  A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it."

In applying the principles of law hereinbefore stated to the question now before us, we point out first that the challenged statute has no application in cases of intestacy; it is only when a spouse dies testate that the statute may become applicable.

That being true, the real effect of the statute is to allow a spouse, who leaves a child or other lineal descendant by a previous marriage but none by the spouse who survives him, more testamentary freedom than he would have otherwise. It is not for us to "second guess" the General Assembly on the wisdom of this distinction, but we believe the statute was enacted in good faith and it creates a classification based upon real distinctions which are not unreasonable.

Plaintiff argues that the statute has resulted in a hardship to her, but many examples of hardship could be cited if the statute did not exist.

[6]  We hold that G.S. 30-3(b) does not create a classification or distinction that is arbitrary and unjustifiable so as to be offensive to our Federal or State Constitutions.

Plaintiff's assignments of error to the judgment of the superior court are overruled, and said judgment is

Affirmed.

BROCK and PARKER, JJ., concur.