TOWN OF PINE KNOLL SHORES, PLAINTIFF v. WALLACE N. EVANS, II AND
WIFE, LENORA H. EVANS, DEFENDANTS

No. 903SC1053

(Filed 17 September 1991)

1. **Municipal Corporations § 30.11 (NCI3d) — zoning — other separate structures — deck included**

    The trial court erred in an action brought by the Town for injunctive relief and an order of abatement requiring removal of a deck by concluding that defendants' deck is not a separate structure and does not violate the zoning ordinances. Those ordinances allow construction of single family residences, prohibit other separate structures, and define structures as anything constructed or erected requiring location on land, with express exceptions. The deck constructed by defendants is plainly prohibited as it is not on the list of exceptions in the definitional section of the ordinance.

    **Am Jur 2d, Zoning and Planning §§ 109, 245, 252.**

2. **Municipal Corporations § 30.11 (NCI3d) — zoning — deck in violation of ordinance — remedies — civil penalty — not authorized**

    The trial court was without authority to allow defendants to avoid removal of a deck erected in violation of a zoning ordinance by payment of a civil penalty where a civil penalty is not authorized by the ordinance and is not authorized by N.C.G.S. § 160A-175(e). N.C.G.S. § 160A-175(c).

    **Am Jur 2d, Zoning and Planning §§ 248, 252.**

    Judge LEWIS dissenting.

APPEAL by plaintiff from judgment entered 14 June 1990 in CARTERET County Superior Court by *Judge James D. Llewellyn.* Heard in the Court of Appeals 7 May 1991.

*Kirkman, Whitford & Jenkins, P.A., by Neil B. Whitford, for plaintiff-appellant.*

*Wheatly, Wheatly, Nobles, Weeks & Wainwright, P.A., by Claud R. Wheatly, Jr. and George L. Wainwright, Jr., for defendant-appellees.*

GREENE, Judge.

The plaintiff, Town of Pine Knoll Shores (Town), appeals from a judgment of the trial court permitting the defendants to avoid, by payment of $2,000.00 to Town, removing a "deck" which Town contends the defendants constructed in violation of Town zoning ordinance.

Town is a municipality located on a barrier island in Carteret County. Defendants own a home in Pine Knoll Shores which is situated along an artificially-made canal which is connected with Bogue Sound. Town has enacted a comprehensive zoning code pursuant to its power under N.C.G.S. § 160A-381. The code classifies the property within Pine Knoll Shores into zoning categories and imposes various restrictions upon the use of private land. Alleged violations of some of these zoning ordinances are the basis of this dispute.

On 30 May 1987, defendants began construction of a "deck" in their backyard between their house and the canal. The parties dispute whether this construction project is technically a "deck" or merely a "ground cover," but there is no factual dispute that it consists of precisely sized wooden boards connected to one another so as to form a level, continuous surface covering a substantial area of the lot between the canal and house. Defendants did not hire a professional contractor to build this "deck," but did it themselves with the assistance of family and friends. Defendants never secured a building permit for this work. On the same day construction began, the Building Inspector for Town went to defendants' property and ordered them to stop construction immediately because defendants had failed to apply for, receive, and post a building permit as required by the Code of Pine Knoll Shores. Defendants ceased work on the "deck" at that time.

On 8 June 1987, defendants went before the Pine Knoll Shores Community Appearance Committee to bring up the subject of their "deck." At that time, defendants were informed that their partially constructed "deck" was in fact in violation of some of the local zoning ordinances. Despite this knowledge, on or about 15 May 1988, defendants resumed construction and completed their "deck."

On 17 June 1988, Town instituted this action against defendants seeking a mandatory injunction and order of abatement requiring removal of the "deck." As a basis of the complaint, Town

TOWN OF PINE KNOLL SHORES v. EVANS

[104 N.C. App. 79 (1991)]

alleged that the "deck" violated several sections of the local zoning ordinance including the following:

21-5.2 *Moving Buildings, Etc.; Permit from Building Inspector.* No building, seawall, or other structures shall be erected, moved, extended, or structurally altered until the Building Inspector has issued a permit for such work.

21-8.1 *Restrictions of Residential Property Zones.* Only single family residences shall be erected in Residential Property Zones R-1, R-2, R-3, and R-4; and they shall be subject to the rules and regulations set forth in this Chapter. No other separate structure shall be permitted.

21-8.3 *Required Setback.* . . . No building may be constructed nearer than thirty (30') feet to the mean high water mark of any interior waterway or canal to include decks and porches. . . .

This matter came on for trial on 14 May 1990. After each party presented its case, the trial court entered the following pertinent conclusions and order:

a. Section 21-5.2 of the Code of Pine Knoll Shores required the Defendants to receive from the building inspector for the Town of Pine Knoll Shores a building permit before commencing construction of the deck in question;

. . . .

d. Defendants failed to apply for, receive, and post, a building permit pursuant to the Code of Pine Knoll Shores and thus violated Sections 21-5.2, . . . of the Code;

. . . .

f. Defendants' deck is not a "separate structure" from the single-family residence on the property and thus does not violate Section 21-8.1 of the Code of Pine Knoll Shores;

. . . .

WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

a. Verdict pursuant to Rule 50 of the Rules of Civil Procedure is directed in favor of [Town] . . . against Defendants for Defendants' construction of a deck on their property without

having applied for, received and posted a building permit for construction of the deck in violation of Sections 21-5.2 . . . of the Code of [Town] . . . and as a result, Defendants are ordered to abate their violation of said sections of the Code by removing the deck within fourteen days after the entry of this order; provided, however, that Defendants may purge themselves of this violation and avoid the order of abatement by paying into the office of the Clerk of Superior Court for the use and benefit of [Town] . . . the sum of Two Thousand Dollars within fourteen days following entry of this judgment.

b. Verdict is directed in favor of the Defendants against [Town] . . . with respect to all other issues and this action is dismissed as to such issues.

. . . .

Town appeals the decision of the trial court that the "deck" did not violate Section 21-8.1 of the zoning ordinance and the decision of the trial court to allow defendants to purge themselves of the order of abatement by paying a $2,000.00 civil penalty.

---

The dispositive issues are (I) whether the deck is a "structure" as defined by Town ordinance; and (II) whether the trial court may, in the absence of authorization in a town ordinance, permit a party who has violated a town ordinance to avoid an order of abatement by paying a civil penalty.

Town generally argues that the defendants constructed the "deck" in violation of several sections of the Town ordinance and that the remedy for such a violation is removal of the "deck." The defendants argue that the construction of the "deck" did not violate the Town ordinance, and if it did, the trial court is authorized to allow payment of a fine to Town in lieu of removal of the "deck."

I

[1] We first reject defendants' argument that Section 21-8.1 does not prohibit the construction of the "deck." Section 21-8.1 of the zoning ordinance of Town allows construction on defendants' property of "single family residences" and expressly prohibits "other separate structures." Section 21-2 of the ordinance defines "structures" as "anything constructed or erected requiring location on

land except fences, mailboxes, flagpoles, lampposts, doghouses, bird-houses, and well pump covers." The words used in the ordinance are plain and unambiguous and no statutory construction is necessary in order to ascertain the meaning of the ordinance. *Peele v. Finch*, 284 N.C. 375, 382, 200 S.E.2d 635, 640 (1973). Therefore, it is this Court's duty to apply the ordinance irrespective of any opinion we may have as to its wisdom, for it is our duty to "declare what the law is . . . [not] what the law ought to be." *Vinson v. Chappell*, 3 N.C. App. 348, 350, 164 S.E.2d 631, 633 (1968); *aff'd*, 275 N.C. 234, 166 S.E.2d 686 (1969). Accordingly, the "deck" constructed by the defendants on their land is plainly prohibited by Section 21-8.1 as it is not among the list of exceptions in the definitional section of the ordinance. In deciding otherwise, the trial court erred.

In addition to a violation of Section 21-8.1, the defendants violated Section 21-5.2 in that they failed to receive a building permit. This violation is reflected in the order of the trial court and the defendants did not appeal that decision of the trial court nor do they argue otherwise. In that the defendants violated both Sections 21-5.2 and 21-8.1, we need not address the alleged violation of Section 21-8.3.

## II

[2] Remedies for violations of the ordinance include removal of the offending structure. Section 21-17.2. The trial court ordered the removal of the "deck" and allowed the defendants to avoid the removal by paying a $2,000.00 civil penalty to Town. Town argues that the trial court was without authority to allow the defendants to avoid removal by payment of the $2,000.00. We agree.

Enforcement of city building ordinances is governed by two separate sections of Chapter 160A, both entitled "Enforcement of ordinances." The first of these two enforcement provisions applies only to Article 19 of Chapter 160A and reads:

> Subject to the provisions of the ordinance, any ordinance adopted pursuant to authority conferred by this Article may be enforced by any remedy provided by G.S. 160A-175.

N.C.G.S. § 160A-365 (1987). The second enforcement provision, referred to in N.C.G.S. § 160A-365, is N.C.G.S. § 160A-175 and is found in Article 8, governing the general police power of cities and towns. It states, in part:

(a) A city shall have power to impose fines and penalties for violation of its ordinances, and may secure injunctions and abatement orders to further insure compliance with its ordinances as provided by this section.

. . . .

(c) An ordinance may provide that violation shall subject the offender to a civil penalty to be recovered by the city in a civil action in the nature of debt if the offender does not pay the penalty within a prescribed period of time after he has been cited for violation of the ordinance.

(d) An ordinance may provide that it may be enforced by an appropriate equitable remedy issuing from a court of competent jurisdiction. In such case, the General Court of Justice shall have jurisdiction to issue such orders as may be appropriate, and it shall not be a defense to the application of the city for equitable relief that there is an adequate remedy at law.

(e) An ordinance that makes unlawful a condition existing upon or use made of real property may be enforced by injunction and order of abatement, and the General Court of Justice shall have jurisdiction to issue such orders. When a violation of such an ordinance occurs the city may apply to the appropriate division of the General Court of Justice for a mandatory or prohibitory injunction and order of abatement . . . .

(f) Subject to the express terms of the ordinance, a city ordinance may be enforced by any one, all, or a combination of the remedies authorized and prescribed by this section.

N.C.G.S. § 160A-175(a), (c), (d), (e), (f) (1987).

North Carolina Gen. Stat. §§ 160A-175(f) and 160A-365 demonstrate a general intent by the legislature to defer to the decisions of cities on which remedies and penalties shall be used to achieve enforcement of planning and zoning ordinances. North Carolina Gen. Stat. § 160A-175(f) begins, "[s]ubject to the express terms of the ordinance . . ." and N.C.G.S. § 160A-365 begins, "[s]ubject to the provisions of the ordinance . . . ." The use of these introductory phrases indicates that the choice of remedies and penalties remains with the city. The choice of remedies and penalties, however, is limited to those remedies and penalties available in

TOWN OF PINE KNOLL SHORES v. EVANS

[104 N.C. App. 79 (1991)]

N.C.G.S. § 160A-175. Therefore, civil penalties and orders of abatement available under N.C.G.S. § 160A-175(c) and (d) must be authorized in a city's ordinance in order to be imposed by a court. That authorization may be either specific or general. *See New Hanover County v. Pleasant*, 59 N.C. App. 644, 648, 297 S.E.2d 760, 762 (1982) (language of ordinance authorizing "any lawful action needed to prevent or remedy a violation" encompasses all available statutory remedies). Nonetheless, the trial court may in the absence of authorization in a city ordinance, and upon the request of the city, issue injunctions and orders of abatement for violation of ordinances that "makes unlawful a condition existing upon or use made of real property . . . ." N.C.G.S. § 160A-175(e).

In this case, the Code of Pine Knoll Shores authorizes four remedies for a building permit violation:

> 21-17.2 . . . [T]he Building Inspector on behalf of the Town, or the Board of Commissioners, may initiate proceedings before a court of competent jurisdiction to obtain enforcement of any provision of this Zoning Chapter by *prohibitory injunction, mandamus, affirmative injunction, or order of abatement*, as provided by North Carolina General Statute, Section 160-175. Enforcement may be by one, all or a combination of such remedies. [Emphasis added.]

An order of abatement is one of four authorized remedies under the ordinance for a building permit violation. A civil penalty, although available under N.C.G.S. § 160A-175(c), is not authorized by the ordinance and is not authorized by N.C.G.S. § 160A-175(e), leaving the trial court without authority to impose it. The fact that the civil penalty was to be paid at the option of defendants is immaterial. Where a party violating a city ordinance is given the option of paying a civil penalty, such optional penalty must nonetheless be authorized by the ordinance. Therefore, the imposition of a $2,000.00 civil penalty in this case was improper and must be vacated.

We therefore vacate the civil penalty and affirm the order of abatement.

Affirmed in part, vacated in part.

Judge WELLS concurs.

Judge LEWIS dissents with separate opinion.

Judge LEWIS dissenting.

While I agree with the majority that the trial court acted without authority in imposing the civil penalty, I would not require the defendants to dismantle the deck.

Section 21-8.3 of the Code of the Town of Pine Knoll Shores provides that "No building may be constructed nearer than 30 feet to the mean high water mark of any interior waterway canal to include decks and porches." Section 21-2 defines "Building"

> "Building" shall mean any structure built for the support, shelter or enclosure of persons, animals, chattels or property of any kind, which has enclosing walls for fifty percent or more of its parameter. The term "building" shall be construed as if followed by the words "or parts thereof" including porches, decks, carports, garages, sheds, roof extensions and overhangs and any other *projections*.

(Emphasis added). The definition of "Building" contained in Section 21-2 suggests that the thirty foot set back restriction applies only to "decks" projecting or extending from another structure. The restriction is in my view at least ambiguous in application to the construction at issue here. Zoning ordinances are in derogation of the right to property, *In Re Couch*, 258 N.C. 345, 346, 128 S.E.2d 409, 411 (1962), and where possible should be construed in favor of freedom of use. *In Re Application of Construction Co.*, 272 N.C. 715, 718, 158 S.E.2d 887, 890 (1968). I therefore agree with the trial court that the Evans have not violated Section 21-8.3 of the Code of Pine Knoll Shores.

Section 21-8.1 of the Zoning Ordinance states: "Only single family residences shall be erected. . . . No other separate structures shall be permitted." The term "structure" is defined in Section 21-2 of the zoning ordinance as "anything constructed or erected requiring location on land except fences, mailboxes, flagpoles, lampposts, doghouses, birdhouses, and well pump covers."

Zoning ordinances must be construed to ascertain and effectuate the intent of the legislative body. *Id.* The apparent intent of this ordinance is to restrict each lot to one residence as well as to preserve an uncluttered appearance. While aesthetic considerations may serve as a basis for zoning regulations, restrictions must be reasonably related to the purpose they are designed to serve. *State v. Jones*, 305 N.C. 520, 530-31, 290 S.E.2d 675, 681

TOWN OF PINE KNOLL SHORES v. EVANS

[104 N.C. App. 79 (1991)]

(1982). To apply section 21-8.1 to prohibit the flat and unobstructive construction of the Evans' deck would be to impose a restriction unrelated to any clearly reasonable purpose and as such would render the ordinance vague and overbroad in its application. Zoning laws should be upheld only insofar as they reasonably regulate or restrict use of private property and accomplish the purpose for which they are intended. *See Zopfi v. City of Wilmington*, 273 N.C. 430, 160 S.E.2d 325 (1968). I would uphold the trial court's determination that this zoning ordinance does not clearly prohibit the construction at issue.

The trial court ruled against defendants only for failing to "apply for, receive or post a permit" for construction. However, the record shows that Mrs. Evans appeared before the community appearance committee on 8 June 1987, and the plaintiff's complaint admits that the defendants officially applied for a permit on 14 July 1987 and that this application was denied because the city determined that the construction would violate the thirty foot set back rule.

Insofar as the construction violates neither the thirty foot set back rule nor the prohibition against separate structures, the town wrongfully denied the permit. While the defendants should have appealed the town's denial of their permit before resuming construction, ordering the defendants to dismantle an improvement for which they should have received and still should receive a permit, violates the principle that the court should avoid economic waste where possible. *See LaPierre v. Samco Development Corporation*, 103 N.C. App. 551, 406 S.E.2d 646 (1991); *Warfield v. Hicks*, 91 N.C. App. 1, 11, 370 S.E.2d 689, 695 (1988), *disc. rev. denied*, 323 N.C. 629, 374 S.E.2d 602 (1988). Were we to strike the civil penalty remedy and leave the remainder of the trial court's ruling intact, defendants will be required to dismantle the deck but can then reapply for and receive a permit to rebuild the same.

I would reverse the trial court's directed verdict for the plaintiff town and remand the case to the trial court to determine whether an order should issue requiring the town to issue a building permit *nunc pro tunc*.