TOWN OF PINE KNOLL SHORES v. WALLACE N. EVANS II AND WIFE, LENORA H. EVANS

No. 462A91

(Filed 8 May 1992)

1. **Municipal Corporations § 30.11 (NCI3d)— zoning—deck— setback from canal**

A deck built between a house and a canal, and not attached to the house, violated plaintiff's zoning ordinance, which provided that "No building may be constructed nearer than thirty (30') feet to the mean high water mark of any interior waterway or canal to include decks and porches." It was not necessary to consider the differences between the former and current versions of the setback rule because, under the plain meaning of the current version, no building, deck, or porch may be constructed within thirty feet of the canal. Even if the words of that section of the ordinance are rendered ambiguous when read in conjunction with the section defining building, defendants' deck would still violate the ordinance because the definition of building included attached decks and porches before an amendment adding the language "to include decks and porches." Those words must be read as referring to unattached decks and porches in order to give meaning to the words.

**Am Jur 2d, Zoning and Planning §§ 88, 91-95.**

2. **Municipal Corporations § 30.11 (NCI3d)— zoning—deck constructed in violation of setback—abatement ordered—economic waste not applicable**

The theory of economic waste applies in suits against contractors for minor defects in construction, a completely different context from the trial court's order to remove a deck built in violation of a zoning ordinance. To apply the theory of economic waste in this context would be novel and far-reaching and would substantially erode powers the General Assembly has granted to municipalities.

**Am Jur 2d, Zoning and Planning §§ 242, 248, 252.**

Justice MITCHELL dissenting.

Justice LAKE joins in this dissenting opinion.

APPEAL by plaintiff-town pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 104 N.C. App. 79, 407 S.E.2d 895 (1991), affirming in part and vacating in part the judgment of *Llewellyn, J.*, entered at the 14 May 1990 Civil Session of Superior Court, CARTERET County. Heard in the Supreme Court 15 April 1992.

*Kirkman & Whitford, P.A., by Neil B. Whitford, for plaintiff-appellee.*

*Wheatly, Wheatly, Nobles & Weeks, P.A., by C. R. Wheatly, Jr., for defendant-appellants.*

WHICHARD, Justice.

The issue is whether defendants' "deck" violates the setback requirement of plaintiff-town's zoning ordinance. Plaintiff-town is located on a barrier island. Defendants' home in plaintiff-town is situated along an artificially-made canal connected to Bogue Sound. Plaintiff-town has enacted a comprehensive zoning code ("Code"), which defendants allegedly violated by building a "deck" in their backyard between their house and the canal.

Defendants refer to the structure at issue as a "ground cover," while plaintiff-town calls it a "deck." The Court will refer to it as a deck. The deck runs approximately fifty to seventy feet along the waterfront and extends approximately twenty feet from the rear lot line into the yard. It consists of boards laid on wooden stringers, which lie on the ground. Three wooden steps lead down to the deck, which is framed and backed by squared-off timbers. The timbers are placed three deep, one on top of the other, and form a low wall separating the deck from the yard. The deck is not attached to the house. Defendants have placed wooden deck chairs and tables on the deck. Defendants constructed the deck themselves with the help of family and friends.

On the day construction commenced, 30 May 1987, plaintiff-town's Building Inspector went to defendants' home and told defendant-wife to stop construction because defendants had failed to apply for, receive, and post a building permit as required by plaintiff-town's Code. The Building Inspector also told defendant-wife that the deck probably was in violation of a thirty-foot setback requirement. Work ceased at that time. On 8 June 1987, defendant-wife went before plaintiff-town's Community Appearance Commit-

tee about the deck. The Committee informed her that she could not obtain a permit, as the partially constructed deck was within the thirty-foot setback area. Despite this knowledge, defendants resumed construction of the deck, completing it in May 1988. Defendants also instituted an action seeking to enjoin plaintiff-town from further harassment in regard to the construction of the deck, which suit defendants dismissed upon completion of the deck.

On 17 June 1988, plaintiff-town instituted this action against defendants, seeking a mandatory injunction and an order of abatement requiring removal of defendants' deck. At the conclusion of plaintiff-town's evidence, defendants moved for a directed verdict. The trial court granted defendants' motion as to plaintiff-town's allegation that defendants had violated "stop-work" orders. At the conclusion of all the evidence, defendants again moved for a directed verdict. The trial court directed a verdict against defendants for constructing the deck without applying for, receiving, and posting a building permit, as required by section 21-5.2 of the Code. It ordered defendants to abate their violation by removing the deck within fourteen days or to purge themselves of the violation by paying $2,000 to plaintiff-town. The trial court directed judgment in favor of defendants as follows: 1) defendants' deck is not a "building" as defined in section 21-2 of the Code and, therefore, does not violate the thirty-foot setback requirement contained in section 21-8.3, and 2) defendants' deck is not a "separate structure" and thus does not violate section 21-8.1. Plaintiff-town appealed these two decisions, as well as the decision that defendants could purge themselves of the order of abatement by paying a $2,000 civil penalty.

In a divided opinion, the Court of Appeals vacated in part, holding that the deck was a "separate structure" built in violation of the Code and that the trial court was without authority to allow defendants to avoid removal of the deck by payment of a civil penalty. The Court of Appeals affirmed the trial court's ruling that defendants violated the Code by failing to seek and obtain a permit. The majority expressly declined to address whether the deck was a "building" located in the prohibited thirty-foot setback area.

Judge Lewis agreed that the trial court acted without authority in imposing the civil penalty; that issue thus is not before us. He dissented, however, from the holding that the deck was a

"separate structure" in violation of the Code. According to the dissenting opinion, the section defining "structure" suffers from vagueness and overbreadth. As to whether the deck was a "building" in violation of the setback requirement, Judge Lewis concluded that it was not and, therefore, that it did not violate the thirty-foot setback requirement. He further concluded that ordering defendants to dismantle the deck "violates the principle that the court should avoid economic waste where possible." *Town of Pine Knoll Shores v. Evans*, 104 N.C. App. 79, 87, 407 S.E.2d 895, 899-900 (1991) (Lewis, J., dissenting).

[1]   As defendants state in their brief, "[t]he question [on appeal to this Court] is simply whether or not the defendants['] construction violated the zoning ordinance." Section 21-8.3 of the Code provides:

> *Required setback.* No building may be constructed nearer than thirty (30′) feet to the mean high water mark of any interior waterway or canal *to include decks and porches.*

(Emphasis added.) Prior to a 12 August 1986 amendment, section 21-8.3 read: "No building may be constructed nearer than 20 feet to the mean high water mark of any interior waterway or canal." At the time defendants built their deck, the amended version of section 21-8.3 was in effect. "Building" was and is defined in section 21-2 of the Code as:

> any structure built for the support, shelter or enclosure of persons, animals, chattel, or property of any kind, which has enclosing walls for fifty (50%) percent or more of its perimeter. The term "building" shall be construed as if followed by the words "or parts thereof" including porches, decks, carports, garages, sheds, roof extensions and overhangs, and *any other projections.*

(Emphasis added.)

Defendants focus on the words "any other projections" and contend that as their deck is not attached to the main house, it is not included within the definition of "building." Because the deck is not a "building," they argue, it does not come within the prohibition of the setback rule.

Plaintiff-town focuses, instead, on the differences between the current and former versions of Code section 21-8.3. According to

TOWN OF PINE KNOLL SHORES v. EVANS

[331 N.C. 361 (1992)]

plaintiff-town, the 1986 amendments to that section accomplished two substantive changes. First, the setback area was increased from twenty to thirty feet. Second, decks and porches were prohibited within the setback area regardless of whether they were attached to the dwelling on the premises. Plaintiff-town contends that defendants' reading of the amended version of section 21-8.3 would relegate the new language to mere surplusage, a reading contrary to established rules of statutory construction.

It is unnecessary to consider the differences between the former and current versions of the setback rule. Under the plain meaning of the current version, no building, deck, or porch may be constructed within thirty feet of the canal. *See Turlington v. McLeod,* 323 N.C. 591, 594, 374 S.E.2d 394, 397 (1988) (words in a statute are to be given their natural and ordinary meaning unless the context requires otherwise). Defendants read only as far as the second word of section 21-8.3 — "building." They then turn immediately to the definition of "building" in section 21-2 and conclude that the only structures or architectural units prohibited by the setback rule are those included within the definition in section 21-2. Defendants are correct to refer to that definition to determine what "building" comprises. Section 21-8.3 is not, however, concerned with or limited by the definition of "building." The purpose of section 21-8.3 is to list those structures which may not be placed within thirty feet of an interior waterway. In 1986, plaintiff-town amended the section to cover buildings, as defined in section 21-2, as well as decks and porches. As defendants' deck is within thirty feet of the canal, it violates the setback rule.

Even if we were to conclude that section 21-8.3 is rendered ambiguous when read in conjunction with section 21-2, defendants' deck would still violate the setback requirement. Prior to 12 August 1986, porches and decks *unattached* to a house did not violate section 21-8.3 even if they were within the setback area. This was so because under the former setback rule, only "buildings" were prohibited in the setback area, and "buildings" did not and do not include *unattached* structures. As the definition of "building" in section 21-2 already included *attached* decks and porches, there would have been no need for plaintiff-town, in 1986, to add to section 21-8.3 the language "to include decks and porches," if the intent of the amendment was to draw only *attached* porches and decks within the ambit of the setback requirement. In order, therefore, to give meaning to the words "to include decks and

porches," we must read those words as referring to *unattached* decks and porches.

Established rules of statutory construction dictate this reading of section 21-8.3. Where, as here, there are two provisions of an ordinance, one which treats a subject matter in detail and the other which deals more generally with that subject matter, the particular provision controls, especially where, as here, the particular provision is the later enactment. *See Utilities Comm. v. Electric Membership Corp.*, 275 N.C. 250, 260, 166 S.E.2d 663, 670 (1969). While section 21-2 defines "building," and therefore must be considered in determining what structures may not be placed within thirty feet of the canal, section 21-8.3 is the controlling, particular provision listing those structures prohibited within the setback area. In holding that section 21-8.3 applies to defendants' unattached deck, we follow the maxims of statutory construction that words of a statute are not to be deemed useless or redundant and amendments are presumed not to be without purpose. *See, e.g., Sutton v. Aetna Casualty & Surety Co.*, 325 N.C. 259, 268, 382 S.E.2d 759, 765, *reh'g denied*, 325 N.C. 437, 384 S.E.2d 546 (1989); *Schofield v. Tea Co.*, 299 N.C. 582, 590, 264 S.E.2d 56, 62 (1980); *Childers v. Parker's Inc.*, 274 N.C. 256, 260, 162 S.E.2d 481, 483-84 (1968); *In re Watson*, 273 N.C. 629, 634, 161 S.E.2d 1, 6-7 (1968).

[2] The authorities Judge Lewis cites in support of his proposed application of the economic waste theory—*Lapierre v. Samco Development Corp.*, 103 N.C. App. 551, 406 S.E.2d 646 (1991); *Warfield v. Hicks*, 91 N.C. App. 1, 370 S.E.2d 686, *disc. rev. denied*, 323 N.C. 629, 374 S.E.2d 602 (1988)—are inapposite. Both of these cases involved suits by homeowners against building constructors for defective construction leading to breach of warranty and contract, not suits by municipalities to enforce zoning codes. In both cases, the Court of Appeals discussed the theory of economic waste, which " 'recognizes the need to avoid economic waste . . . when, although the building substantially conforms to the contract specifications, a minor defect exists that does not substantially lower its value.' " *Lapierre*, 103 N.C. App. at 559-60, 406 S.E.2d at 650 (quoting *Kenney v. Medlin Construction and Realty Co.*, 68 N.C. App. 339, 344-45, 315 S.E.2d 311, 314-15, *disc. rev. denied*, 312 N.C. 83, 321 S.E.2d 896 (1984) ). As can be seen, the theory of economic waste applies in suits against contractors for minor defects in construction, a completely different context from that in this case. To apply that theory in the context presented here would be novel and

far-reaching and would substantially erode powers the General
Assembly has granted to municipalities. Defendants' deck clearly
violates that section of plaintiff-town's Code requiring a thirty-foot
setback. The General Assembly empowered municipalities to regulate
setbacks when it granted cities the authority to "regulate . . .
the size of yards, courts and other open spaces, . . . and the location
. . . of buildings [and] structures . . . for . . . residence . . . purposes."
N.C.G.S. § 160A-381 (1987). The remedy of an order of abatement,
one of four remedies authorized in plaintiff-town's Code, is itself
authorized by the General Assembly's general grant of police power
to municipalities. N.C.G.S. §§ 160A-365, -175(a), (d) (1987). To allow
defendants' violation of plaintiff-town's Code to succeed merely
because defendants mounted the deck prior to plaintiff-town's ob-
taining judicial relief would vitiate the applicable Code provisions.
Such action would be particularly inappropriate in light of the
facts that defendants resumed construction of the deck in defiance
of the information that the deck was in violation of the Code and
even though they had been informed about the proper procedures
for appealing to the Board of Adjustment for a variance.

For these reasons, which differ from the reasons given in the
Court of Appeals' opinion, we affirm that court's decision affirming
the order of abatement.

Modified and affirmed.

Justice MITCHELL dissenting.

Both the majority and dissenting opinions in the Court of Ap-
peals agree that the only part of any construction at issue in the
present case consists exclusively and entirely of a section of boards
laid flat on wooden stringers on the ground. It does not appear
from the record on appeal that the plaintiff contends or has ever
contended that any construction on the defendants' property, other
than this flat and unobstructive construction, was at issue in the
present case.

The timbers which the majority opinion in this Court describes
as "forming a low wall separating the deck from the yard" are
not mentioned in the transcript of the proceedings in the trial
court. This Court knows of the existence of the low wall described
by the majority only by resorting to a photograph which was in-
troduced at trial. I believe that even a cursory review of that

photograph by anyone familiar with the various types of constructions used to stabilize sandy lots on our barrier islands reveals that the low wall described by the majority is a "bulkhead" or "seawall" put in place to prevent erosion of the defendants' sandy lot into the adjacent canal. Seawalls and bulkheads simply are not parts of a "deck," as that descriptive term is used in our coastal region. The plaintiff's witness, Chief Building Inspector Fred Fulcher, clearly understood this when he described the "deck" at issue in the present case simply as "somewhere around 50 to 60 feet across the front, and by the depth of it deepest point may be 15, 16 feet deep." Chief Building Inspector Fulcher seems to have known that the bulkhead and stairs behind the deck were not parts of the construction which the plaintiff-town contended was in violation of law and which was at issue in this case.

As only a flat and unobstructive construction is properly at issue in the present case, I dissent from the decision of the majority of this Court for the reasons fully stated and explained by Judge Lewis in his dissenting opinion in the Court of Appeals. *Town of Pine Knoll Shores v. Evans*, 104 N.C. App. 79, 86-87, 407 S.E.2d 895, 899-900 (1991) (Lewis, J., dissenting).

Justice LAKE joins in this dissenting opinion.