DIETZ, Judge, concurring.
I agree with the majority that the plain language of N.C. Gen. Stat. § 126-5 permits Vincoli to contest whether his position properly could be designated exempt under the State Personnel Act. Indeed, the statutory language hardly could be clearer. The title of Section 126-5 is "Employees subject to Chapter; exemptions." The statute then states precisely which positions can, and cannot, be designated as exempt positions that are not subject to the provisions of the chapter. Then, in subsection (h), the statute provides that "[i]n case of dispute as to whether an employee is subject to the provisions of this Chapter, the dispute shall be resolved as provided in Article 3 of Chapter 150B," which is the portion of the General Statutes governing contested cases filed in OAH.
The rub, of course, is that the General Assembly recently repealed N.C. Gen. Stat. § 126-34.1(c), a more specific statutory provision authorizing employees to challenge their exempt designation in OAH. If the general language of Section 126-5(h) already permits employees to challenge their exempt designation in OAH, then the repeal of the more specific language in Section 126-34.1(c)
*820 was meaningless. Ordinarily, we do not interpret the law in a way that renders actions of the General Assembly meaningless. See Town of Pine Knoll Shores v. Evans , 331 N.C. 361, 366, 416 S.E.2d 4, 7 (1992).
But this is not an ordinary case. Vincoli argues that, if we interpret the repeal of Section 126-34.1(c) as depriving him of any opportunity to contest his exempt designation in OAH, it would violate his constitutional rights. Whether meritorious or not, his argument certainly is not frivolous. And it is a long-standing principle of statutory construction that courts should "avoid an interpretation of a ... statute that engenders constitutional issues if a reasonable alternative interpretation *280 poses no constitutional question." Gomez v. United States , 490 U.S. 858, 864, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989).
Interpreting N.C. Gen. Stat. § 126-5(h) according to its plain meaning, notwithstanding the repeal of N.C. Gen. Stat. § 126-34.1(c), is a "reasonable alternative interpretation" of the statute. I therefore join the majority in reversing the trial court's judgment. Under the plain language of N.C. Gen. Stat. § 126-5(h), Vincoli and other employees like him can challenge their exempt designations in a contested case at OAH. As a result, Vincoli's constitutional challenge, premised on his inability to contest his exempt designation, is meritless.